CAMPBELL, Judge.
The state challenges the trial court order striking eighteen points from appellee’s scoresheet for possession of a firearm. We reverse.
Appellee pled guilty to a seven count information which included, among other drug and motor vehicle related offenses, possession of a short-barreled shotgun, carrying a concealed firearm, and possession of a firearm by a convicted felon. On appeal, appel-lee maintains that the scoring of eighteen additional points for possession of a firearm would be improper since the three offenses involved the possession of the same firearm and was an essential element of his offense.
Under Florida Rule of Criminal Procedure 3.702(d)(12), eighteen points are to be assessed where the defendant is convicted of any felony other than those enumerated in subsection 775.087(2) if the defendant is in possession of a firearm. Since possession of a firearm by a convicted felon, carrying a concealed firearm, and possession of a short-barreled shotgun are not among the offenses enumerated, the addition of the eighteen points was proper. See White v. State, 689 So.2d 371 (Fla. 2d DCA 1997), review granted, 696 So.2d 343 (Fla.1997).
Accordingly, appellee’s sentence is reversed and remanded to the trial court so that appellee can be resentenced in accordance with the corrected scoresheet. Since appellee’s plea was conditioned upon the eighteen points being stricken, on remand, appellee should be given the opportunity to withdraw his plea. We also certify conflict with Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996), as was done in White, 689 So.2d 371.
DANAHY, A.C.J., and LAZZARA, J., concur.