661 So.2d 1274 (1995)
Robin GARDNER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1748.
District Court of Appeal of Florida, Fifth District.
October 27, 1995.
James B. Gibson, Public Defender, and Daisy G. Clements, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven J. Guardiano, Sr. Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
Following jury verdicts finding him guilty of trafficking in cocaine,[1] possession of marijuana with intent to sell,[2] and carrying a concealed firearm,[3] Gardner was sentenced to three concurrent terms of seven years incarceration. He appeals his judgment and sentence contending, among other things, that the trial court erred in scoring eighteen points on the sentencing guidelines scoresheet *1275 for use of a firearm, and in sentencing him to seven years incarceration for a third-degree felony.[4] We affirm.
Gardner was convicted of possession of a concealed firearm, which was secreted in the waistband of his trousers at the time he committed the crimes of possession of marijuana with intent to sell and trafficking in cocaine. All three offenses were properly scored on the same scoresheet with the trafficking in cocaine conviction designated as the primary offense. Gardner was sentenced under the 1994 sentencing guidelines.[5] Rule 3.702(d)(12) of the Florida Rules of Criminal Procedure states:
Possession of a firearm, destructive device, semiautomatic weapon, or a machine gun during the commission or attempt to commit a crime will result in additional sentence points. Eighteen sentence points shall be assessed where the defendant is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(2)[6] while having in his or her possession a firearm as defined in subsection 790.001(6) or a destructive device as defined in subsection 790.001(4). Twenty-five sentence points shall be assessed where the offender is convicted of committing or attempting to commit any felony while having in his or her possession a semiautomatic weapon as defined in subsection 775.087(2) or a machine gun as defined in subsection 790.001(9). (emphasis added.)
Thus, the addition of eighteen points to Gardner's scoresheet was authorized by rule 3.702(d)(12). See also § 921.0014(1), Fla. Stat. (1993).
However, Gardner contends that the eighteen points should not have been assessed because one of his offenses was possession of a concealed firearm. He asserts that, since the possession of a firearm is an essential element of the offense, the addition of eighteen points for carrying a concealed firearm would constitute an enhancement in penalty not intended by the legislature, as well as twice punishing him for the same crime. We disagree. The meaning of rule 3.701(d)(12) is clear. The rule refers to "any felony", which in the instant case includes trafficking in cocaine and possession of marijuana with intent to sell. We reject Gardner's argument that the additional eighteen points cannot be scored simply because he was simultaneously convicted of possessing a concealed firearm.
Gardner also takes issue with his sentence of seven years for the offenses of possession of marijuana with intent to sell, and possession of a concealed firearm, because both of these offenses are third-degree felonies which are punishable by a maximum of five years incarceration.[7] In imposing sentences greater than five years, the trial court obviously relied upon section 921.001(5), Florida Statutes (1993), which authorizes a trial court to impose a guidelines scoresheet which exceeds the maximum sentence authorized by section 775.082:
Sentences imposed by trial court judges under the 1994 revised sentencing guidelines on or after January 1, 1994, must be within the 1994 guidelines unless there is a departure sentence with written findings. If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence under the guidelines must be imposed, absent a departure. If a departure *1276 sentence, with written findings, is imposed, such sentence must be within any relevant maximum sentence limitations provided in s. 775.082.
We reject Gardner's claim that section 921.001(5) deprives him of due process of law by failing to provide adequate notice of the authorized punishment, because we conclude that the wording of the statute is clear. In this regard, an accused can assess a potential sentence by preparing a guidelines scoresheet in accordance with the provisions of sections 921.0012 and 921.0014, Florida Statutes (Supp. 1994). As noted by the state, the fact that an accused must perform arithmetical calculations in order to ascertain a sentence does not deprive him of adequate notice as to potential penalties.
Gardner further challenges the validity of section 921.001(5), arguing that the legislature improperly vested the Sentencing Guidelines Commission with rule-making authority on a matter of substantive law. He contends that the rule-making authority resulted in the enactment of section 921.001(5), which authorizes the imposition of sentences in excess of the statutory maximum. This argument fails, because the enactment of section 921.001(5) was an act of the legislature, not a rule or regulation of the sentencing commission.
AFFIRMED.
DAUKSCH and HARRIS, JJ., concur.
NOTES
[1] § 893.135, Fla. Stat. (1993).
[2] § 893.13, Fla. Stat. (1993).
[3] § 990.01, Fla. Stat. (1993).
[4] Gardner also challenges the trial court's failure to grant his motion to suppress and motion for judgment of acquittal. These claims lack merit.
[5] See Ch. 921, Fla. Stat. (Supp. 1994).
[6] Section 775.087(2)(a), Florida Statutes (1993) sets forth the following offenses as subject to imposition of a three-year mandatory minimum term:

· murder,
· sexual battery,
· robbery,
· burglary,
· arson,
· aggravated assault,
· aggravated battery,
· kidnapping,
· escape,
· breaking and entering with intent to commit a felony,
· attempt to commit any of the aforementioned crimes, or
· any battery upon a law enforcement officer or firefighter.
[7] § 775.082(3)(d), Fla. Stat. (1993).