666 So.2d 941 (1995)
STATE of Florida, Appellant,
v.
Robert Eugene DAVIDSON and Margarito G. Lizardo, Appellees.
Nos. 95-01166, 95-01399.
District Court of Appeal of Florida, Second District.
December 27, 1995.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
*942 James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellees.
FRANK, Judge.
The state has appealed from the sentencing of Margarito Lizardo and Robert Davidson. We have consolidated these matters in order to pass upon the common issue of whether Florida Rule of Criminal Procedure 3.702(d)(12) can permissibly affect a guidelines computation where the predicate felony is carrying a concealed firearm. Contrary to the trial court's view, we have concluded that the rule does apply and thus we reverse and remand for resentencing consistent with this opinion.
Lizardo and Davidson, in separate cases, each pleaded guilty to carrying a concealed semiautomatic firearm in violation of section 790.01(2), Florida Statutes (1993), which provides that: "Whoever shall carry a concealed firearm on or about his person shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084."
The state sought to add twenty-five points to the guidelines scoresheet pursuant to rule 3.702(d)(12) which states:
Possession of a firearm, destructive device, semiautomatic weapon, or a machine gun during the commission or attempt to commit a crime will result in additional sentence points. Eighteen sentence points shall be assessed where the defendant is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(2) while having in his or her possession a firearm as defined in 790.001(6) or a destructive device as defined in subsection 790.001(4). Twenty-five sentence points shall be assessed where the offender is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(2) while having in his or her possession a semiautomatic weapon as defined in subsection 775.087(2) or a machine gun as defined in subsection 790.001(9).[1]
In each case the trial court held the rule inapplicable and declined to assess the points contemplated in rule 3.702(d)(12). Lizardo and Davidson urge us to affirm the trial court in two related arguments: first, that the additional points offend the prohibition against double jeopardy and, second, that scoring points for the possession of a firearm constitutes an improper enlargement of the sentence solely as a result of an essential element of the underlying offense, i.e., the firearm. We reject each argument.
The circumstances in the instant cases are distinguishable from those in which we have reversed felony sentences stemming from a single act constituting separate firearm related crimes. Cleveland v. State, 587 So.2d 1145 (Fla. 1991); Hall v. State, 517 So.2d 678 (Fla. 1988). Lizardo and Davidson's reliance upon these cases is misplaced. They have each experienced only one conviction, arising from a single criminal act, condemned by only one statute, section 790.01(2). Rule 3.702(d)(12), unlike section 790.01(2), does not create a crime. Rather, the rule simply distinguishes between types of firearms and manifests nothing more than legislative recognition of the need to deter through enhanced punishment the use of semiautomatic firearms and their potential for the infliction of severe injury during the commission of criminal acts.
Finally, we express agreement with the result reached in Gardner v. State, 661 So.2d 1274 (Fla. 5th DCA 1995), in which the rule withstood challenges paralleling Lizardo's and Davidson's.
Lizardo and Davidson were each in possession of a semiautomatic weapon; thus, we reverse and remand for the trial court to resentence them in accordance with this opinion.
SCHOONOVER, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.702(d)(12), adopted by the Florida Supreme Court in Amendments to Florida Rules of Criminal Procedure Re Sentencing Guidelines, 628 So.2d 1084, 1091 (Fla. 1993) (Appendix B), implements section 921.0014, Fla. Stat. (1993), as created by chapter 93-406, Laws of Florida.