680 So.2d 616 (1996)
Debra GALLOWAY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3395.
District Court of Appeal of Florida, Fourth District.
October 9, 1996.
Richard L. Jorandby, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joan Fowler, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We affirm Appellant's convictions for carrying a concealed firearm and for possession of a firearm by a convicted felon. See Skeens v. State, 556 So.2d 1113 (Fla.1990); Washington v. State, 661 So.2d 1294 (Fla. 4th DCA 1995), cause dismissed, 669 So.2d 252 (Fla.1996); Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). We have considered State v. Stearns, 645 So.2d 417 (Fla.1994), in which the supreme court reversed a dual conviction, on double jeopardy grounds, for armed burglary and carrying a concealed weapon, but do not deem it applicable here. We do not read Stearns as proclaiming a general exception to Blockburger, or to the application of section 775.021(4), Florida Statutes, in all circumstances in which a firearm is an element of companion offenses, each otherwise containing an element or elements not contained in the other. We note conflict on this point with Bell v. State, 673 So.2d 556 (Fla. 1st DCA 1996), and Maxwell v. State, 666 So.2d 951 (Fla. 1st DCA), rev. granted, No. 87,290, 673 So.2d 30 (Fla. Apr. 11, 1996).
*617 We also affirm as to an evidentiary issue raised, regarding whether certain testimony falls under the hearsay rule, without addressing it, as its admission, if error, in any event would be harmless. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
We reverse Appellant's sentence and remand for resentencing due to scoresheet error in assessing 18 additional points for possession of a firearm. Florida Rule of Criminal Procedure 3.702(d)(12) permits assessment of these additional points where the defendant is convicted of committing a felony, other than those enumerated in subsection 775.087(2), Florida Statutes, "while having in his or her possession a firearm." (Emphasis added) We recognize that two districts appear to have decided this issue otherwise. See State v. Davidson, 666 So.2d 941 (Fla. 2d DCA 1995); Gardner v. State, 661 So.2d 1274, 1275 (Fla. 5th DCA 1995). We do not disagree with the conclusion in Davidson and Gardner that assessing the additional scoresheet points does not offend principles of double jeopardy. But we construe rule 3.702(d)(12) as inapplicable to convictions of these two offenses when unrelated to the commission of any additional substantive offense.
We remand for resentencing under an amended scoresheet.
GUNTHER, C.J., and STONE and PARIENTE, JJ., concur.