683 So.2d 577 (1996)
Gregory SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1375.
District Court of Appeal of Florida, Fifth District.
November 8, 1996.
Rehearing Denied December 9, 1996.
James Gibson, Public Defender, and M.A. Lucas, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin Compton Jones, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
Gregory Smith appeals his conviction for possession of a firearm by a convicted felon.[1] Smith argues on appeal that the trial court erred when it allowed portions of his taped interview to be played to the jury and allowed testimony about a burglary and theft because the evidence tended to show Smith's involvement in criminal activity not related to the pending charge. Smith also argues that the trial court should not have assessed 18 additional points for possession of a firearm pursuant to Florida Rule of Criminal Procedure 3.702(d)(12)[2] since possessing a firearm *578 is an essential element of the offense. We affirm.
The state was required to prove two elements before it could convict Smith of possession of a firearm by a convicted felon: first, Smith had been convicted of a felony and second, after the conviction he knowingly owned or possessed a firearm. The state called several witnesses to prove these elements. John Carter testified that he returned from vacation to find that his gold plated 9 millimeter semi-automatic handgun had been stolen during a burglary. Michael Aufiere testified he gave Smith a stolen 9 millimeter gold plated semi-automatic handgun. Aufiere testified that Smith knew the handgun was stolen, but Smith did not participate in the burglary or theft. Aufiere's wife testified that she saw Smith leave her home with the gun. Smith was arrested and read his rights. He waived his rights and gave the police a taped statement. In his statement, Smith admitted possessing the stolen handgun. He also said that the gun was stolen from him shortly after he acquired it from Aufiere. Smith talked about a large number of guns being available for sale from Aufiere and his associates. He also admitted involvement in cocaine transactions unrelated to the handgun.
Smith's attorney made an oral motion in limine to remove all statements from the tape about Smith's drug activities and any other crimes not charged in the information. Smith's attorney also sought to exclude testimony about the burglary and theft. The state responded that it had a copy of the tape with all references to the use and sale of cocaine redacted. However, the state argued that testimony about the burglary and theft was necessary to show the entire context in which Smith acquired the gun. The court allowed the redacted tape as presented by the state and found the testimony to be relevant and not overly prejudicial. When the tape was played to the jury, it included statements by Smith about other guns and the statement "I don't need to pay $1,500 for something that's going to send me back to prison." Smith's attorney objected and requested a mistrial because this was part of a discussion concerning drugs that should have been redacted. The trial court overruled the objection and denied the mistrial. Smith was found guilty.
We hold that the testimony concerning the burglary involving the gold-plated handgun and Smith's recorded statements concerning the other guns were admissible under section 90.402, because the evidence was relevant to prove the circumstances under which Smith acquired the gun. Cases are not tried in a vacuum. The state was required to show that Smith possessed a firearm. Smith's testimony, along with the testimony of the burglary victim and Aufiere, was necessary for the jury to understand the charge pending against Smith. The evidence aided the jury in evaluating the second element of the crime the state had to prove: that Smith possessed a firearm after conviction. In this instance, the evidence about the acquisition of the gun was inseparable from or intertwined with the crime charged. Griffin v. State, 639 So.2d 966, 968 (Fla.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1317, 131 L.Ed.2d 198 (1995). The state was entitled to use the evidence as long as it did not become a feature of the trial. Id. at 968, 970; Denmark v. State, 646 So.2d 754 (Fla. 2d DCA 1994). Here, the evidence did not become a feature of the trial, and its probative value outweighed the prejudicial effect. § 90.403, Fla. Stat. (1995).
The defense also argues that the statement about not going back to jail was prejudicial. We fail to see how. The state and the defense stipulated that Smith was a convicted felon. Documents proving his prior convictions were admitted as evidence without objection. The fact that the jury heard Smith admit he had been in prison during the taped interview, if error, was harmless in light of the stipulated evidence of his prior convictions. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Considering the testimony of Carter and Aufiere and Smith's taped statements, the evidence of Smith's guilt was overwhelming.
Smith's second argument on appeal is that the trial court should not have assessed *579 an additional 18 points on his scoresheet for possession of a firearm since possession of a firearm is an essential element of his offense. We disagree.
Florida Rule of Criminal Procedure 3.702(d)(12) provides for 18 additional points for possessing a firearm if the defendant is convicted of a felony not enumerated in section 775.087(2). Possession of a firearm by a convicted felon is not one of the enumerated felonies. In Gardner v. State, 661 So.2d 1274 (Fla. 5th DCA 1995), we held that the meaning of rule 3.702(d)(12) was clear and any felony not enumerated was subject to having the additional 18 points assessed because a handgun was involved. Therefore, the assessment of 18 additional points was proper. Accord, State v. Davidson, 666 So.2d 941, 942 (Fla. 2d DCA 1995) (holding the rule simply distinguishes between types of firearms and manifests nothing more than legislative recognition of the need to deter through enhanced punishment the use of firearms and their potential for the infliction of severe injury during the commission of criminal acts); contra Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996) (holding that rule 3.702(d)(12) is inapplicable to convictions for possession of a firearm by a convicted felon when unrelated to the commission of any additional substantive offense).
AFFIRMED.
SHARP, W. and GRIFFIN, JJ., concur.
NOTES
[1] § 790.23, Fla. Stat. (1993).
[2] Florida Rule of Criminal Procedure 3.702(d)(12) reads in pertinent part:

Possession of a firearm, destructive device, semiautomatic weapon, or a machine gun during the commission or attempt to commit a crime will result in additional sentence points. Eighteen sentence points shall be assessed where the defendant is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(2) while having in his or her possession a firearm as defined in subsection 790.01(6) or a destructive device as defined in subsection 790.001(4).