CAMPBELL, Acting Chief Judge.
Appellant challenges the addition of eighteen points to his scoresheet for possession of a firearm since possession of a firearm was an essential element of appellant’s crime. We affirm.
Appellant entered a negotiated plea to, among other things, possession of a firearm by a convicted felon. When he entered his plea, appellant reserved the right to appeal the scoring of eighteen additional points on *329 his seoresheet for possession of a firearm. On appeal, he maintains that eighteen months of his 37,5-month term are the result of those eighteen points.
Under Florida Rule of Criminal Procedure 3.703(d)(19), eighteen points are to be assessed when the defendant is convicted of any felony other than those enumerated in subsection 775.087(2) if the felony was committed while the defendant was in possession of a firearm. Since the offense to which appellant pled, possession of a firearm by a convicted felon, is not among the offenses enumerated, the court assessed the eighteen points. Appellant argues, however, that even though this offense was not among those enumerated, there is still another reason that the points should not be scored. It is his position that since possession of a firearm is an essential element of his offense, the addition of the eighteen points would be a violation of his right not to be subjected to double jeopardy.
Since this court rejected that argument and held in White v. State, 689 So.2d 371 (Fla. 2d DCA 1997), rev. granted, 696 So.2d 343 (Fla.1997), that the scoring of the eighteen points is proper under Florida Rule of Criminal Procedure 3.703(d)(19), we affirm appellant’s 'sentence here. We also certify conflict with Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996), as was done in White.
FRANK and PATTERSON, JJ., concur.