PER CURIAM.
The state challenges a sentencing order, which struck eighteen points from the guidelines scoresheet of the appellee, Hugo U. Vela, relative to his 1996 convictions for carrying a concealed weapon and resisting an officer without violence. We reverse and remand for resentencing, based on score-sheet error.
Eighteen points for possession of a firearm during the commission of a felony were originally added to Vela’s guidelines score pursuant to Florida Rule of Criminal Procedure 3.703(d)(19). Rule 3.703(d)(19) is a provision of the amended 1994 sentencing guidelines and is essentially the same as rule 3.702(d)(12) of the 1994 sentencing guidelines, which was at issue in White v. State, 689 So.2d 371 (Fla. 2d DCA 1997), Smith v. State, 677 So.2d 393 (Fla. 2d DCA 1996), and State v. Davidson, 666 So.2d 941 (Fla. 2d DCA 1995). Both rules provide for the addition of eighteen points for firearm possession unless the defendant has been convicted of one of the felonies “enumerated in subsection 775.087(2).” The state argues that since Vela was not convicted of one of the excluded felonies enumerated in section 775.087(2), Florida Statutes (1995), the trial court erred in striking the eighteen points from Vela’s guidelines score. We agree.
Accordingly, based on this court’s holdings in White, Smith, and Davidson, this cause is reversed and remanded for resentencing upon the correction of Vela’s guidelines scoresheet to include the additional eighteen points pursuant to rule 3.703(d)(19). As in White, we again certify that our decision is in conflict with Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996). On remand, the trial court is also directed to correct the written judgment to reflect that Vela pleaded guilty to the crimes involved here, rather than no contest.
Reversed and remanded for resentencing.
FRANK, A.C.J., and THREADGILL and ALTENBERND, JJ., concur.