CAMPBELL, Judge.
The state challenges the trial court order striking eighteen points for possession of a firearm from both of appellee’s scoresheets, arguing that the addition of such points is proper under Florida Rule of Criminal Procedure 3.702(d)(12). We agree.
Appellee pled guilty to possession of a firearm by a convicted felon in case number 96-00597 and to violating her community control in case number 94-04939 (carrying a concealed firearm and driving with a suspended license). She received concurrent sentences in both cases of six months in jail followed by two years’ community control followed by three years’ probation.
Under Florida Rule of Criminal Procedure 3.702(d)(12), eighteen points are to be assessed when a defendant is convicted of any felony other than those enumerated in subsection 775.087(2), Florida Statutes (1995), while having in his or her possession a firearm. Since possession of a firearm by a convicted felon and carrying a concealed firearm are not among the offenses enumerated, the addition of the eighteen points on both of appellee’s scoresheets was proper and should not have been stricken. See White v. State, 689 So.2d 371 (Fla. 2d DCA 1997), review granted, 696 So.2d 343 (Fla.1997).
We therefore reverse and remand- to the trial court so that appellee can be resen-tenced in accordance with the corrected scoresheets. Since appellee’s plea was conditioned upon her scoring less than fifty-two points, on remand, appellee must be given the opportunity to withdraw her plea. We also certify conflict with Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996), as was done in White, 689 So.2d 371.
DANAHY, A.C.J., and LAZZARA, J., concur.