714 So.2d 440 (1998)
Anthony D. WHITE, Petitioner,
v.
STATE of Florida, Respondent.
No. 89998.
Supreme Court of Florida.
June 12, 1998.
James Marion Moorman, Public Defender, and Austin H. Maslanik, Assistant Public Defender, Tenth Judicial Circuit, Bartow, for Petitioner.
Robert A. Butterworth, Attorney General, Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Respondent.
ANSTEAD, Justice.
We have for review the decision in White v. State, 689 So.2d 371 (Fla. 2d DCA 1997), which certified conflict with the decision in Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.

MATERIAL FACTS
Petitioner Anthony D. White was arrested and later charged and convicted of two offenses: carrying a concealed firearm in violation of section 790.01, Florida Statutes (1993), *441 and possession of a firearm by a convicted felon, in violation of section 790.23, Florida Statutes (1993). Both offenses were based upon a single .25 caliber handgun being found in White's pocket on December 16, 1994.
At sentencing, the trial court added eighteen points to White's sentencing worksheet score under the provisions of rule 3.702(d)(12) of the Florida Rules of Criminal Procedure requiring the additional points if a defendant possesses a firearm "during the commission" of the underlying crime. The sentencing worksheet reflects that without the addition of the eighteen points, White would have received a sentencing score that left incarceration to the discretion of the court. However, after adding the additional points for possession of a firearm, White's sentencing score made incarceration in state prison mandatory. See § 921.0014, Fla. Stat. (1993) (Worksheet key).
On appeal, the district court affirmed the prison sentence and the trial court's addition of the additional points for firearm possession, but certified conflict with the Fourth District's decision in Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996).

REVIEW PROCEEDING
White raises two issues on review: (1) whether the trial court erred in assessing eighteen points on the sentencing guideline score sheet for possession of a firearm where possession was one of the essential elements of the crime for which White was being sentenced, and (2) whether the trial court erred by not granting White's motion to suppress. White's second issue is beyond the scope of the certified conflict, and we decline to address the merits of that claim.

ENHANCEMENT
At the time of White's arrest, rule 3.702(d)(12) of the Florida Rules of Criminal Procedure provided:
Possession of a firearm, destructive device, semiautomatic weapon, or a machine gun during the commission or attempt to commit a crime will result in additional sentence points. Eighteen sentence points shall be assessed where the defendant is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(2)[[1]] while having in his or her possession a firearm as defined in subsection 790.001(6).... Twenty-five sentence points shall be assessed where the offender is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(2) while having in his or her possession a semiautomatic weapon as defined in 775.087(2)....
Fla. R.Crim. P. 3.702(d)(12).[2] White argues that the trial court erred in adding eighteen additional sentencing points for possession of a firearm because both of his underlying offenses already contemplate possession of a firearm and provide specific punishment for *442 the firearm possession, and rule 3.702(d)(12) was not intended to mandate an enhancement of punishment for the firearm possession in such a situation. On the other hand, the State contends that since White's firearm crimes are not specifically named and excluded from operation of the rule, the enhancement should be applied.
In Galloway the defendant was convicted of carrying a concealed weapon and possession of a firearm by a convicted felon. The trial court added eighteen additional points for the possession of a firearm to his sentencing scoresheet. On appeal, the Fourth District Court of Appeal held that rule 3.702(d)(12) does not apply to convictions of carrying a concealed weapon and possession of a firearm by a convicted felon where such offenses are "unrelated to the commission of any additional substantive offense." 680 So.2d at 617.
The Fourth District placed particular importance on the language of rule 3.702(d)(12) that expressly provided assessment of the eighteen points when a defendant was convicted of a felony "while having in his or her possession a firearm." Id. In other words, the court construed the "while" language to mean that the firearm possession must occur during the commission of a separate crime that does not itself necessarily involve possession of a firearm as a legal element thereof. See also State v. Walton, 693 So.2d 135, 136-37 (Fla. 4th DCA 1997) (holding that rule 3.702(d)(12) does not apply to convictions for possession of firearm and carrying concealed weapon when unrelated to commission of any additional substantive offenses); Aguilar v. State, 700 So.2d 58, 59-60 (Fla. 4th DCA 1997) (holding that additional sentencing points may not be assessed to conviction for possessing or carrying firearm where possession is unrelated to commission of any other substantive offense).[3]
In contrast, both the Second and Fifth District Courts of Appeal hold that additional sentencing points are proper where a defendant is convicted of carrying a concealed weapon or possession of a firearm by a convicted felon even though carrying or possessing a firearm is an essential element of the underlying crime. These cases are predicated upon the fact that rule 3.702(d)(12) does not explicitly exempt firearm possession cases from its enhancement provisions. See, e.g., State v. Shiver, 700 So.2d 780, 781 (Fla. 2d DCA 1997); State v. Vela, 700 So.2d 779, 780 (Fla. 2d DCA 1997); State v. King, 700 So.2d 781, 782 (Fla. 2d DCA 1997); Mobley v. State, 699 So.2d 328, 329 (Fla. 2d DCA 1997); Smith v. State, 683 So.2d 577, 579 (Fla. 5th DCA 1996), review dismissed, 691 So.2d 1081 (Fla.1997); Gardner v. State, 661 So.2d 1274, 1275 (Fla. 5th DCA 1995); cf. State v. Hanks, 700 So.2d 779, 779 (Fla. 2d DCA 1997) (holding that trial court should not have stricken eighteen sentencing points and certifying conflict with Galloway); State v. Davidson, 666 So.2d 941, 942 (Fla. 2d DCA 1995) (finding no double jeopardy violation in assessing additional points for possession of a firearm).
With the exception of Hanks, Davidson and Smith, however, the cited cases all involve convictions for other substantive criminal offenses in addition to convictions for the offenses of carrying a concealed weapon or possession of a firearm. For example, the defendant in Gardner was convicted of two substantive offenses, trafficking in cocaine and possession of marijuana with intent to sell, in addition to the separate crime of *443 carrying a concealed weapon. All three offenses were scored on the sentencing worksheet with the trafficking charge designated as the primary offense. In addition, the trial court assessed eighteen additional points for the possession of a firearm during the commission of the three offenses. On appeal, the Fifth District found the assessment of eighteen additional points for defendant's conviction of trafficking in cocaine and possession of marijuana proper, notwithstanding defendant's simultaneous conviction of carrying a concealed firearm. 661 So.2d at 1275. Because Gardner carried the firearm during the commission of the other two offenses, the assessment of additional sentencing points would be consistent with the Galloway court's interpretation of rule 3.702(d)(12). Although Davidson, Smith, and Hanks are factually similar to this case and Galloway, the opinions offer little analysis in interpreting rule 3.702(d)(12).[4]

STRICT CONSTRUCTION
Both this Court and the legislature have expressly mandated that penal statutes must be strictly construed in favor of an accused. § 775.021(1), Fla. Stat. (1997); Trotter v. State, 576 So.2d 691 (Fla.1990). In doing so here we conclude that the Fourth District in Galloway was correct in its analysis that the enhancement provision was intended to apply only to substantive crimes not including firearm possession as an essential element.
We begin our analysis by observing that it is apparent that rule 3.702(d)(12) was intended to deter the use of weapons during the commission of crimes by distinguishing between crimes committed with or without firearm possession, and providing an enhancement to penalties for crimes committed with possession of a firearm. For example, the Senate Staff Analysis on the legislative twin to rule 3.702(d)(12), section 921.0014, Florida Statutes (Supp.1994), notes that under the 1994 sentencing guidelines "[p]oints are assessed against an offender for his current offense as well as for other factors such as ... the possession of a firearm ...." Fla. S. Comm. on Crim. Justice, SB 172, Staff Analysis 1 (April 11, 1995) (on file with comm.) (emphasis added). This statement indicates that the "other factors" contemplated obviously mean factors that do not inhere in the "current offense" for which sentencing points are already separately assessed based on its intrinsic character.[5] In other words, where the possession of a firearm itself is already specifically targeted by the legislature for punishment as an offense, the firearm possession incidental to that offense would not constitute a separate and additional factor to the underlying offense, so as to trigger an additional enhancement for the firearm possession.
This analysis is also consistent with the explicit exclusion of other, more serious offenses, from the rule's enhancement for firearm possession, since those other excluded offenses, such as robbery, have their own specific statutory schemes for providing more serious consequences if a firearm is involved in their commission. For example, a Senate Staff Analysis for the same provision in the 1993 sentencing guidelines states:
Points are scored on the worksheet for primary offense, additional and prior offenses, victim injury, legal status violations (e.g., escape), and release program violations (e.g., violation of probation).
If an offense involves the use of a firearm or destructive device, and a mandatory minimum penalty does not apply, additional points may be added to an offender's score....
See Fla. S. Comm. on Crim. Justice, SB 44-B, Staff Analysis 9 (May 24, 1993) (on file with comm.)(emphasis added). As the enacted version of section 921.0014 and rule 3.702(d)(12) reflects, the legislature subsequently replaced the language regarding mandatory minimum sentences with a direct reference to section 775.087(2), which in turn provides for minimum mandatory sentences *444 for the enumerated offenses if a firearm is involved. Thus, by excluding the crimes listed in section 775.087(2), which mandates a three-year mandatory minimum sentence if a firearm is used, the legislature clearly intended not to assess additional sentencing points to those offenses already factoring the use of a firearm into the punishment of the offense. Under any other interpretation, the exclusion of the enumerated offenses from enhancement would make no sense.
We are also aided in our analysis by examining other similar statutory schemes providing for enhancement. For example, under section 775.087(1), Florida Statutes (1993), where a defendant commits a felony during which he or she carries a firearm, the felony for which the accused is charged will be reclassified to a higher degree, and thereby carry a greater punishment. However, the statute specifically excludes from this reclassification any felonies in which the use of a firearm is an essential element of the crime. In construing section 775.087(1), this Court has held that a crime may not be enhanced pursuant to section 775.087(1) where the use of the firearm is an essential element of the crime, or the crime is charged as requiring the use of a firearm and the jury is so instructed. See Gonzalez v. State, 585 So.2d 932, 933 (Fla.1991); see also Lareau v. State, 573 So.2d 813, 815 (Fla.1991). We held in Gonzalez and Lareau that it was clear that the legislature did not intend to enhance felonies involving the use of a firearm where such use is already inherent in the commission of the felony itself and has already been considered in determining an appropriate penalty.
The sentencing guidelines are structured such that the offender receives certain points for the primary offense and additional points for other factors, in addition to the offense, such as a prior record or possession of a firearm. Rule 3.702(d)(12), like section 775.087, is an enhancement provision, enhancing the penalty for particular offenses by assessing additional sentencing points when the defendant carries or uses a firearm in committing an offense that could otherwise be committed without the possession of a firearm. As illustrated by section 775.087(1), we conclude that the legislature would not ordinarily assess additional punishment for the same act of possession of a firearm, where concealment of a weapon and possession of a firearm by a felon are independently punishable crimes specifically predicated upon possession of a firearm. For those crimes a penalty has been specifically provided based upon the firearm possession. As the Senate staff analyses note, the intent of the enhancement is to assess points "for other factors" in addition to the points already assessed for the underlying "current offense."

CONCLUSION
Based solely upon the presence of a single firearm, and without any enhancement, the defendant here has been convicted of two separate felony offenses specifically predicated upon the possession of a firearm, and is subject to the substantial penalties provided for that precise conduct. Allowing additional sentencing points would be tantamount to holding that the legislature intended to allow the presence of the firearm to be considered still a third time, a policy directly contrary to that expressly espoused in the almost identical enhancement scheme set out in section 775.087(1) and one we will not infer absent more specific expression.[6] Consequently, we conclude that the Fourth District was correct *445 in Galloway and that it was error here to score additional points under rule 3.702(d)(12).
Accordingly, for the reasons expressed, we quash the decision of the district court below, and approve the Fourth District's holding in Galloway.
It is so ordered.
KOGAN, C.J., OVERTON, SHAW and HARDING, JJ., and GRIMES, Senior Justice, concur.
WELLS, J., dissents with an opinion.
WELLS, Justice, dissenting.
I would approve White v. State, 689 So.2d 371 (Fla. 2d DCA 1997), and disapprove Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996).
This case should be resolved by the plain language of Florida Rule of Criminal Procedure 3.702(d)(12) and section 921.001, Florida Statutes, to which the Second and Fifth Districts adhered and by which the majority refuses to be bound. When the language of a rule and a statute are plain, we have no choice but to apply it if we follow this Court's precedent. Brown v. State, 23 Fla. L. Weekly S266, 267, 715 So.2d 241, 242 (Fla. May 14, 1998).
NOTES
[1] The felonies enumerated in subsection 775.087(2), Florida Statutes (1993) are: murder, sexual battery, robbery, burglary, arson, aggravated assault, aggravated battery, kidnapping, escape, breaking and entering with intent to commit a felony, an attempt to commit any of the aforementioned crimes, or any battery upon a law enforcement officer or firefighter. Under this section, if a firearm is used during the commission of one of the enumerated offenses, the trial judge must impose a mandatory minimum sentence of three years imprisonment. Further, the statute provides that a defendant punished accordingly is not subject to early release during the three-year minimum. § 775.087(2), Fla. Stat. (1993).
[2] The provisions of the sentencing guidelines are set out both in the statutes and in the rules of criminal procedure. Rule 3.702(d)(12) mirrors section 921.0014, Florida Statutes (1993). Under the worksheet key to section 921.0014:

Possession of a firearm or destructive device: If the offender is convicted of committing or attempting to commit any felony other than those enumerated in s. 775.087(2) while having in his possession a firearm as defined in s. 790.001(6), an additional 18 sentence points are added to the offender's subtotal sentence points.
Possession of a semiautomatic weapon: If the offender is convicted of committing or attempting to commit any felony other than those enumerated in s. 775.087(2) while having in his possession a semiautomatic firearm as defined in s. 775.087(2) or a machine gun as defined in s. 790.001(9), an additional 25 sentence points are added to the offender's subtotal sentence points.
§ 921.0014, Fla. Stat. (1993).
[3] In an opinion involving a tangential issue, the First District in Dodson v. State, 710 So.2d 159 (Fla. 1st DCA 1998), held that the additional sentencing points could not be assessed in a conviction for grand theft of a firearm:

At sentencing, appellant was assessed eighteen points on his guidelines scoresheet for having in his possession a firearm during the commission of the crime. This assessment was improper under the facts of this case because appellant committed the crime when he took the firearm; he did not possess a firearm when he committed the crime. The plain language of rule 3.703(d)(19) limits its application to those instances where the charged offense is committed while the perpetrator possessed a firearm, not to those instances where the offense charged consists of acquiring a firearm. Stated otherwise, we construe the rule as authorizing an eighteen-point assessment only when an offense is committed while in the possession of a firearm, not when an offense is committed by the acquisition of a firearm. We therefore reverse the sentence and remand for resentencing under an amended scoresheet.
Id. at 160.
[4] Davidson, although noting the deterrent effect of the rule, merely addressed a double jeopardy argument and did not analyze legislative intent.
[5] While we recognize that staff analyses are not determinative of final legislative intent, they are, nevertheless, "one touchstone of the collective legislative will." Sun Bank/South Florida, N.A. v. Baker, 632 So.2d 669, 671 (Fla. 4th DCA 1994).
[6] The Louisiana Supreme Court has addressed an almost identical issue and reached the same conclusion. In State v. Street, 480 So.2d 309 (La.1985), the defendant was convicted of illegal discharge of a firearm (La.Rev.Stat. 14:94) and sentenced to two years hard labor which the trial court later suspended with credit for time served. The state appealed on the grounds that the suspension of sentence violated article 893.1 of the Louisiana Code of Criminal Procedure which prohibited suspension where an offender uses a firearm during the commission of a felony. On review by the Supreme Court of Louisiana, the court held that article 893.1 was inapplicable where the defendant was convicted of illegal use of weapon as opposed to commission of a separate felony during which a firearm was used. Id. at 312. In applying the rule of lenity due to unclear legislative intent, the court rejected the state's reliance on a similar Idaho statute and declared:

Defendant's contention is that the Legislature did not intend [article] 893.1's limitation on sentencing discretion when a firearm is "used in the commission of a felony," to be applicable to an act which is made criminal simply because of a use of that weapon.
The argument is well taken.
The Louisiana Legislature could have clearly expressed its intent, if that were the case, to make Art. 893.1 (use of a firearm in a commission of a felony) applicable to R.S. 14:94, illegal use of a weapon. The counterpart Idaho statute did so, for the Idaho Legislature clearly expressed that "this section shall apply even in those cases where the use of a firearm is an element of the offense." The Louisiana Legislature did not do so.
Id. at 311 (footnote omitted).