JOANOS, Judge.
On the court’s own motion, we withdraw our opinion which issued June 9, 1998, and substitute the following therefor. In our pri- or opinion, we reversed the trial court’s refusal to add eighteen “firearm” points to the sentencing guidelines scoresheet prepared for use at appellee’s sentencing on charges of possession of a firearm by a previously con *610 victed felon, and carrying a concealed weapon.
On June 12, 1998, the Florida Supreme Court released its decision in White v. State, 714 So.2d 440 (Fla.1998), in which the court accepted jurisdiction to resolve the conflict between decisions of the Second and Fourth District Courts of Appeal on the same legal issue raised by the State in this appeal. In White, our Florida Supreme Court approved the decision of the Fourth District Court of Appeal in Galloway v. State, 680 So.2d 616, 617 (Fla. 4th DCA 1996). In Galloway, the Fourth District construed Florida Rule of Criminal Procedure 3.702(d)(12) as inapplicable to convictions of possession of a firearm by a convicted felon or carrying a concealed firearm, where the offenses are unrelated to the commission of any additional substantive offense. In this case, as in Galloway, the defendant’s convictions of possession of a firearm by a previously convicted felon and carrying a concealed weapon were unrelated to commission of any other substantive offense.
Because the trial court’s sentencing disposition in this case was in accordance with the rationale set forth in Galloway, and approved by the supreme court in White, we affirm. See White v. State, 714 So.2d 440 (Fla.1998).
BARFIELD, C.J., and WOLF, J., concur.