PER CURIAM.
We have for review the decision in State v. King, 700 So.2d 781 (Fla. 2d DCA 1997), which the district court certified to be in conflict with the opinion in Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996), concerning the issue of whether additional sentencing points for carrying or possessing a firearm during the commission -of a crime may be added to a defendant’s sentencing score where the defendant is convicted of carrying a concealed weapon or possession of a firearm by a convicted felon. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
' Recently, we resolved this conflict in White v. State, 714 So.2d 440 (Fla.1998), wherein we held that it is error for a trial court to assess additional sentencing points for possessing a firearm where the sole underlying crime is carrying a concealed firearm or possession of a firearm by a convicted felon. In other words, we held that rule 3.702(d)(12) of the Florida Rules of Criminal Procedure and section 921.0014, Florida Statutes (1993), do not contemplate the addition of sentencing points for carrying or possessing a firearm where the carrying or possession of a firearm is the essential element of the underlying, offense. In so holding, we approved, the Fourth District’s opinion in Galloway.
In this ease, defendant was convicted of several offenses, including possession of a short-barreled shotgun, carrying a concealed firearm, possession of a firearm by a convicted felon, possession- of cannabis, possession of drug paraphernalia, and possession of amphetamine. We are unable to ascertain from the record and opinion below, however, whether the defendant possessed a firearm during the commission of the additional drug-related offenses. Therefore, we remand for further proceedings in accordance with our decision in White.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN and ANSTEAD, JJ., concur.
WELLS, J., dissents with an opinion.