WELLS, Justice,
dissenting.
The majority’s opinion clearly usurps legislative authority by simply ignoring the plain language of section 921.0014(1), Florida Statutes. It is a serious error for this Court to violate the separation of powers doctrine, as do this decision and the majority’s decision in *753 White v. State, 714 So.2d 440, 23 Fla. L. Weekly S311 (Fla.1998). Regardless of the rationalization expressed, the majority’s decision in sum is that the legislature’s mandate for eighteen points for the commission of this felony while possessing a firearm is too harsh, so the majority substitutes its judgment on the issue for that of the legislature.
I believe that it is wrong for this Court to ignore that the legislature decided to include “any felony other than those enumerated in subsection 775.087(2).” This does not provide a basis for this Court to construe this as “any felony other than those enumerated in subsection 775.087(2)” and those felonies which the Supreme Court decides should be excepted out of the statute.
The cases in the criminal courts and domestic violence courts of this state daily illuminate the human tragedies wrought by the illegal use of firearms. I accept this provision in the sentencing guidelines as part of the legislature’s attempt to reduce those tragedies. I applaud this legislative initiative.
Moreover, this decision is contrary to the express language of Florida Rule of Criminal Procedure 3.702(a), which states in pertinent part:
This rale is intended to implement the 1994 revised sentencing guidelines in strict accordance with chapter 921, Florida Statutes, as revised by chapter 93-406, Laws of Florida.
I dissent.