PER CURIAM.
We have for review Fisher v. State, 704 So.2d 227 (Fla. 5th DCA 1998), which expressly and directly conflicts with the opinion in Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996), concerning the issue of whether additional sentencing points for carrying or possessing a firearm during the commission of a crime may be added to a defendant’s sentencing score where the defendant is convicted of carrying a concealed weapon or possession of a firearm by a convicted felon. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Recently, we resolved this conflict in White v. State, 23 Fla. L. Weekly S 311, 714 So.2d 440 (Fla. 1998), wherein we held that it is error for a trial court to assess additional *754 sentencing points for possessing a firearm where the sole underlying crime is carrying a concealed firearm or possession of a firearm by a convicted felon. In other words, rule 3.702(d)(12) of the Florida Rules of Criminal Procedure and section 921.0014, Florida Statutes (1993), do not contemplate the addition of sentencing points for carrying or possessing a firearm where the carrying or possession of a firearm is an essential element of the underlying offense. In so holding, we approved the Fourth District’s decision in Galloway.
Here, petitioner was convicted of one count of possession of a firearm by a convicted felon, and one count of carrying a concealed weapon. Nevertheless, at sentencing, the trial court assessed eighteen additional points to petitioner’s sentencing score for possessing a firearm. The court below affirmed.
In accordance with our decision in White, we now quash the decision below.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN and ANSTEAD, JJ., concur.
WELLS, J., dissents.