ORFINGER, M., Senior Judge.
Mathis was convicted on the felony charge of carrying a concealed weapon, and on the misdemeanor charge of possession of less than 20 grams of cannabis, following nolo pleas to both charges. Over appellant’s objection, the trial court approved the assessment of eighteen additional guideline points for possession of the firearm. On appeal, appellant cites to Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996) as support for his contention that the enhancement points should not be assessed where no other substantive felony was involved.
The supreme court has recently approved Galloway and has disapproved the cases from this district and the second district which have held to the contrary. See White v. State, 714 So.2d 440, 23 Fla. L. Weekly S311 (Fla. June 12, 1998). Rule 3.702(d)(12) Florida Rules of Criminal Procedure provides, in pertinent part, “Eighteen sentence points shall be assessed where the defendant is convicted of committing ... any felony ... while having in his or her possession a firearm -” (emphasis added). The court in White construed this rule to mean any felony other than one already enhanced by possession of a firearm; in other words, the firearm possession must occur during the commission of a separate crime that does not itself necessarily involve possession of a firearm as a legal element thereof. White, 714 So.2d 440, 23 Fla. L. Weekly at S312.
Here, defendant was not convicted of a separate and distinct felony apart from the concealed weapon charge, but only of a first degree misdemeanor. Therefore, assessment of eighteen additional points for firearm possession was improper.
REVERSED AND REMANDED FOR RESENTENCING.
W. SHARP and GOSHORN, JJ., concur.