719 So.2d 348 (1998)
Letarius MATHIS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2390.
District Court of Appeal of Florida, Fifth District.
October 2, 1998.
*349 Letarius Mathis, Clermont, for Appellant.
No Appearance for Appellee.
GRIFFIN, Chief Judge.
Letarius Mathis timely appeals the order summarily denying his Rule 3.800(a) motion to correct sentence.
When Mathis was resentenced on April 24, 1996, upon violation of his probation, the lower court added twenty-five additional points for carrying a concealed firearm and made an additional assessment of eighteen points for that same offense, for a total of forty-three points. Mathis urges that the trial court must delete the forty-three points from his scoresheet and resentence him accordingly, relying on the recent opinion of the supreme court of Florida in White v. State, 714 So.2d 440 (Fla.1998).
The lower court in its order denied relief, holding that under Roberts v. State, 644 So.2d 81 (Fla.1994), it was entitled to revise a scoresheet to include a prior conviction that was mistakenly omitted from the original scoresheet. This is a correct statement of the law. Moreover, because any error in adding that conviction to his prior record at resentencing is not apparent from the face of the scoresheet, Mathis's claim is not cognizable under Rule 3.800(a).
The lower court's order does not go on to address Mathis's claim under White, which concerns the assessment of eighteen points as an enhancement under Rule 3.702(d)(12). Nonetheless, Mathis is not entitled to relief. He was resentenced on April 24, 1996, but White was not released until June 12, 1998, over two years later. Nothing in the White opinion indicates that it is to be given retrospective effect in a postconviction proceeding. At the time Mathis was resentenced in 1996, the law in this district was that additional sentencing points are proper when a defendant is convicted of carrying a concealed weapon or possession of a firearm by a convicted felon, even though carrying or possession of a firearm is an essential element of the underlying crime. See Gardner v. State, 661 So.2d 1274 (Fla. 5th DCA 1995).
AFFIRMED.
GOSHORN and HARRIS, JJ., concur.