PER CURIAM.
We have for review the decision in Doles v. State, 710 So.2d 769 (Fla. 1st DCA 1998), which certified conflict with the opinions in State v. Walton, 693 So.2d 135 (Fla. 4th DCA 1997), approved, 717 So.2d 522, 23 Fla. L. Weekly S402 (Fla.1998), and Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996), concerning the issue of whether additional sentencing points for carrying or possessing a firearm during the commission of a crime may be added to a defendant’s sentencing score where the defendant is convicted of possession of a firearm by a convicted felon. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We recently resolved this conflict in White v. State, 714 So.2d 440 (Fla.1998), wherein we held that it is error for a trial court to assess additional sentencing points for carrying or possessing a firearm where the sole underlying crime is carrying a concealed firearm or possession of a firearm by a convicted felon. In other words, additional sentencing points for carrying or possessing a firearm during the commission of a crime may not be assessed against a defendant’s sentencing score where the carrying or possessing of a firearm is the essential element of the underlying offense. Id. at 443-44. In so holding, we approved Galloway and quashed the decision in White v. State, 689 So.2d 371 (Fla. 2d DCA 1997).
Therefore, in accordance with our decision in White, we quash the district court’s decision in Doles.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, ANSTEAD and PARIENTE, JJ., concur.
WELLS, J., dissents.