722 So.2d 240 (1998)
Luther HOLMES, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1274.
District Court of Appeal of Florida, Fifth District.
December 4, 1998.
James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kelli R. Orndorff, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, M., Senior Judge.
In early 1997 appellant was placed on probation after pleading no contest to possession of a firearm by a convicted felon. Appellant's guidelines scoresheet included eighteen points for firearm possession, based on approval *241 of such inclusion in Gardner v. State, 661 So.2d 1274 (Fla. 5th DCA 1995). In a later case, the fourth district reached a contrary conclusion. Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996). When the second district reached a conclusion as in Gardner, and certified conflict with Galloway, the supreme court accepted conflict jurisdiction, and in White v. State, 714 So.2d 440 (Fla.1998), approved Galloway, and held that eighteen points could not be assessed for firearm possession where the only substantive crime related to the possession of a firearm. White, however, did not indicate that the decision would be given retroactive effect.
While White was under review by the supreme court, appellant was charged with violation of probation, and after pleading guilty to such violation, his probation was revoked and he was sentenced pursuant to the scoresheet which had earlier been prepared. Counsel noted the pendency of the White appeal, and objected to the continued inclusion of the eighteen points for firearm possession. The objection was overruled. He now contends that it was error to include the eighteen points and that we should reverse for resentencing. The state argues that White does not have retroactive effect, and because there was no objection to this inclusion of the questioned points at the original sentencing proceeding, the issue has not been preserved for appeal.
In Mathis v. State, 719 So.2d 348 (Fla. 5th DCA 1998), this court held that White would not be given retroactive effect in post-conviction proceedings. However, this is not a case requesting post-conviction relief. In Bransfield v. State, 657 So.2d 1191 (Fla. 5th DCA 1995), this court held that when sentencing after revocation of probation, the trial court could correct errors in the scoresheet not attributed to the defendant. On the original scoresheet, a third degree felony had been scored as the primary offense, but at resentencing, the court used a second degree felony as the primary offense, thus resulting in a greater term of imprisonment, relying on Roberts v. State, 644 So.2d 81 (Fla.1994), and Scherwitz v. State, 644 So.2d 85 (Fla.1994).
In both Roberts and Scherwitz, supra, the court held that it was proper, after revocation of probation, to amend the guidelines scoresheet to include prior convictions which had been omitted from the original scoresheet through no fault of the defendant's. It seems only just, therefore, that at sentencing after revocation of probation, on proper objection, the scoresheet should be corrected to exclude points which were improperly assessed. As previously pointed out, this is not a proceeding for post-conviction relief, but a direct appeal from a sentence. White was in the pipeline when appellant was sentenced, and his counsel timely objected to the inclusion of the questioned points. Resentencing is required after excluding the eighteen points from the scoresheet.
REVERSED and REMANDED.
GRIFFIN, C.J., and PETERSON, J., concur.