ANTOON, J.
The trial court entered judgment and sentence in accordance with the jury’s verdict finding Donnie Smith guilty of committing the crime of possession of a firearm by a convicted felon.[1] Mr. Smith appeals contending that the trial court erred in refusing to instruct the jury on self-defense and in assessing an additional 18 points on the sentencing guidelines scoresheet for possession of a firearm. We affirm Mr. Smith’s conviction, but vacate his sentence.
At the conclusion of his trial, Mr. Smith requested that the trial court instruct the jury on the defense theories of necessity and self-defense. The trial court issued the necessity instruction, stating:
It is a defense to the offense of a possession of a firearm by a convicted felon if you find the following:
1) defendant must be in present or imminent peril of death or serious bodily injury or reasonably believe to be in such danger,
2) defendant must not have intentionally or recklessly placed himself in a situation in which it was probably, and that word should be probable and not probably, so if you will insert an “e” where the “y” is, and to choose a criminal conduct,
3) the defendant must not have any reasonable legal alternative to possessing the handgun,
4) the handgun must be made available to the defendant without preconceived design, and
5) the defendant must give up possession of the handgun as soon as necessity or apparent necessity ends.
However, the trial court refused to issue an instruction on self-defense. Our review of the record reveals that, under the facts of this case, the necessity instruction was sufficient and the trial court’s refusal to give the self-defense instruction was proper. See Marrero v. State, 516 So.2d 1052, 1056 (Fla. 3d DCA 1987).
Mr. Smith correctly argues that the assessment of 18 additional points for posses *497 sion of a firearm was improper because such possession was an essential element of the crime charged. See White v. State, 714 So.2d 440 (Fla.1998). Accordingly, we must vacate Mr. Smith’s sentence and remand this matter for resentencing in accordance with the decision in White. In doing so, we note that the White decision was released after sentence was imposed in the instant case, and that in assessing the additional 18 points the trial court relied on earlier decisions released by this court.
JUDGMENT AFFIRMED; SENTENCE VACATED; and CAUSE REMANDED for RESENTENCING.
THOMPSON, J., concurs.
W. SHARP, J., dissents, with opinion.

. § 790.23, Fla. Stat. (1995).