W. SHARP, J.
Carder pled guilty to possession of a firearm by a convicted felon,[1] one count of improper exhibition of a firearm (a misdemeanor),[2] and two counts of driving with license suspended or revoked.[3] On appeal, he challenges his sentences on the ground his sentencing score was unlawfully enhanced pursuant to Florida Rule of Criminal Procedure 3.702(12), by adding 25 points for carrying a semi-automatic firearm. The defense objected to the assessment of the 25 points at sentencing, and the trial court acknowledged that the result would be decisive in this case.
Carder timely appealed and moved for relinquishment of jurisdiction, since in the interim, White v. State, 714 So.2d 440 (Fla.1998) had been released from the Florida Supreme Court. We granted the motion. Although the defense sought a reconsideration of the issue, the trial court did not alter the sentence during the period of relinquishment.
At this point in the appeal process, both the state and the defense question the propriety of assessing 25 points pursuant *785 to rule 3.702(12) because of White. In this case, the assessment of the 25 points related solely to the possession crime and it was the primary offense for which the 36-month sentence was imposed. The other sentences were for time served (the misdemeanor), and two 36-month concurrent sentences imposed for the two driving charges. Thus, even though the 25 points were assessed for one crime, they affected the scoresheet for the other offenses, for which Crader was sentenced.
This court has held that in light of White the assessment of 25 points pursuant to rule 3.702(12) for a possession charge is improper. Holmes v. State, 722 So.2d 240 (Fla. 5th DCA 1998). Since this case was in the “pipeline” at the time White was being decided, Carder is entitled to the benefit of its holding. Holmes; Robinson v. State, 704 So.2d 161, 162 (Fla. 2d DCA 1997). Accordingly, we rule that the scoresheet in this case should not have included the 25 points. Further, since all of the sentences were affected by this sentencing error, we vacate all of the sentences and remand for re-sentencing.
Sentences VACATED; REMANDED for re-sentencing.
THOMPSON and ANTOON, JJ., concur.

. § 790.23, Fla. Slat.

. § 790.10, Fla. Slat.

. 322.34, Fla. Stat.