PER CURIAM.
We affirm an order denying Smith’s motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a).
Smith was convicted of a lesser offense of attempted manslaughter with a firearm. His motion alleged that the trial court violated the prohibition against double jeopardy by assessing an additional 25 points on the guidelines scoresheet for possession of a semi-automatic weapon because his offense was already enhanced from a third-degree felony to a second-degree felony by virtue of the firearm possession.
Smith’s punishment was increased by reclassifying his offense from a third-degree felony to a second-degree felony, and further increased by assessing the additional 25 points pursuant to § 921.0014’ Florida Statutes, and Florida Rule of Criminal Procedure 3.702(d)(12). In White v. State, 714 So.2d 440 (Fla.1998), where the defendant was convicted of carrying a concealed firearm and possession of a firearm by a convicted felon, the court recognized that the defendant could not be assessed additional points on his scoresheet for possession of a firearm since his offenses were specifically predicated on' possessing a firearm. We note that White disallowed the imposition of additional sentencing points as a matter of statutory construction but did not'address a double jeopardy issue.
In State v. Davidson, 666 So.2d 941 (Fla. 2d DCA 1995), the court held that there is no double jeopardy violation even where a defendant convicted of carrying a concealed firearm is assessed additional points for possessing a firearm. In Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996), this court agreed with' Davidson that assessing the additional scoresheet points does not offend principles of double jeopardy. Galloway disagreed with Davidson on the statutory construction issue, not applicable here, and the supreme court in White approved Galloway on that basis.
Based on the foregoing, we hold that the double jeopardy clause does not preclude the assessment of 25 points for possession of a semi-automatic weapon simply because the sentence has been raised to a higher felony degree based on possession of a firearm. Here, the felony is not specifically predicated on possession of a firearm. Additionally, the two enhancement provisions at issue are clearly aimed at different evils. See Davidson.
We note, as the state,argues, that even if Smith had raised the statutory construction issue in the trial court, he still would not be entitled to relief because, at the time Smith was sentenced in 1995, “the decision to impose the twenty-five points pursuant to the statute was not contrary to any higher court decisions.” Thus, even if White could somehow be said to support Smith’s argument here, White should not be retroactively applied to post-conviction proceedings. Mathis v. State, 719 So.2d 348, 349 (Fla. 5th DCA 1998).
As to the other issues raised, we also affirm.
STONE, C.J., POLEN and GROSS, JJ., concur.