HARRIS, J.
The issue in this case, apparently not specifically addressed previously, is whether the principle of White v. State, 714 So.2d 440 (Fla.1998), prohibits the imposition of points for the qualifying DUIs when defendant has been convicted of felony DUI. Although White dealt with the issue of double points for possession of a firearm when defendant was charged with *1262 possession of a firearm by a convicted felon and with carrying a concealed firearm, the principle seems the same. The White court, in dealing with subsection (12) of Rule 3.702(d), held:
[W]here the possession of a firearm itself is already specifically targeted by the legislature for punishment as an offense, the firearm possession incidental to that offense would not constitute a separate and additional factor to the underlying offense, so as to trigger an additional enhancement for the firearm possession.
Here, we are dealing with subsection (11) of that same rule which adds points based on the prior record of the defendant. The question is whether we should add additional points for that portion of the prior record for offenses which, when incorporated with a new offense, create an enhanced crime with a substantially greater penalty. We believe that the legislature, by enacting felony DUI, specifically targeted those prior misdemeanor DUIs as elements of the new felony DUI and that no greater enhancement was intended.
REVERSED and REMANDED with instruction to remove the additional points assessed for the qualifying misdemeanor DUIs.
ANTOON, C.J., and PETERSON, J„ concur.