W. SHARP, J.
Hickmon appeals from a denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800. He alleged additional points for possession of a firearm *59 were wrongfully added to his sentencing scoresheet after he was convicted of possession of a firearm by a convicted felon.[1] He relies on White v. State, 714 So.2d 440 (Fla.1998), and the state agrees that under White, the points should not have been included. However, the state urges that White should not be retrospectively applied. We think White should be applied in this case.
Hickmon was convicted and sentenced two days before White was decided. Accordingly, this case was in the “pipeline” when White was rendered, so White’s application to this case is not truly retrospective. See, e.g., Holmes v. State, 722 So.2d 240 (Fla. 5th DCA 1998). Further, to require Hickmon’s defense counsel to have made an objection to the scoresheet based on White, as a prerequisite to granting relief in this case, is unreasonable. See generally, Sims v. State, 602 So.2d 1253 (Fla.1992) (counsel is not ineffective for failing to articulate change in the law resulting form subsequent decisions rendered by appellate court).
Because the error in this case is clear on the face of the record, the simplest and most direct course is to rule on the merits and not require additional judicial labor to eventually reach the same result. See, e.g., Kelly v. State, 739 So.2d 1164 (Fla. 5th DCA 1999) (although order incorrectly denying rule 3.800 motion as successive could be reversed on that ground alone and remanded for ruling on merits, for the sake of judicial economy and because the issues raised involved only legal question, appellate court ruled on the merits).
REVERSED and REMANDED for sentencing on revised scoresheet.
HARRIS and PETERSON, JJ., concur.

. § 790.23(1), Fla. Stat. (1997).