PER CURIAM.
Calvin Swain appeals sentences he received in seven separate cases after being accorded postconviction relief. Based upon the State’s concession of error, we reverse the sentences in trial court case numbers 94-10608, 95-16854, 97-2544, 97-11112, 97-11118, and 97-20542 and remand for resentencing.
First, as the State concedes, the sentences in case numbers 94-10608 and 95-16854 were initially true split sentences and thus cannot now exceed the suspended portion of the initial sentence. See Poore v. State, 531 So.2d 161, 164 (Fla.1988). Thus, in these cases, Mr. Swain cannot be sentenced in excess of three years, with credit for time actually served. See Dennison v. State, 801 So.2d 209 (Fla. 2d DCA 2001).
Second, case numbers 94-10608, 95-16854, 97-2544, and 97-11113 were properly scored on a 1994 scoresheet. Thereafter, the trial court imposed the sentences in the 1997 cases consecutive to the sentences in the 1994 and 1995 cases. Under the applicable sentencing scheme, although the sentences could be imposed consecutively, the combined term of incarceration could not exceed the guidelines without reason for a departure. See Fla. R.Crim. P. 3.702(d)(19). In this case, the consecutive sentences exceed the guidelines. Moreover, the State concedes that the trial court erred in including eighteen points for possession of a firearm on the 1994 scoresheet applicable to each of these offenses. See White v. State, 714 So.2d 440, 444 (Fla.1998).
Finally, as to case numbers 97-11112 and 97-20542, the trial court erroneously included twelve points for community sanction violation when there was no community sanction violation applicable to that scoresheet. See Copeland v. State, 765 So.2d 216, 216 (Fla. 1st DCA 2000).
We therefore reverse and remand for resentencing pursuant to this opinion. Because the resentencing may result in much shorter sentences and Mr. Swain has served a significant portion of these sentences, the trial court shall conduct resen-tencing within thirty days from the date this court issues its mandate.
Reversed and remanded.
ALTENBERND, STRINGER and DAVIS, JJ., Concur.