DANAHY, Acting Chief Judge.
The appellant, the State of Florida, challenges the trial court’s sentencing order based on a scoresheet in which the trial court deleted, over the State’s objection, eighteen points. The State claims the trial court had no discretion to delete these eighteen points, added pursuant to Florida Rule of Criminal Procedure 3.703(d)(19), for possession of a firearm when the appellee’s only crime at sentencing was carrying a concealed firearm. We agree.
Rule 3.703(d)(19) requires that eighteen points be assessed when the defendant is convicted of any felony other than those enumerated in subsection 775.087(2) if the felony was committed while the defendant was in possession of a firearm. The appellee’s conviction is for a crime that is not enumerated in section 775.087(2). The trial court should have allowed those eighteen points to be assessed even though possession of a firearm is an essential element of the crime for which the appellee was convicted. This court has *634 previously found that the eighteen points should be assessed even though possession of a firearm is an essential element of the offense. White v. State, 689 So.2d 371 (Fla. 2d DCA), review granted, 696 So.2d 343 (Fla.1997).
Although adding these eighteen points back into the scoresheet will not affect the actual sentence the appellee received, which was agreed to in a plea bargain based on a range of points on the scoresheet, the score-sheet must be corrected at this time.[1] As in White, we also certify conflict with Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996).
Sentence affirmed but cause remanded for correction of the scoresheet in accord with this opinion.
PATTERSON and QUINCE, JJ., concur.

. At sentencing the appellee received a term of probation and the scoresheet must be corrected in the event he faces a future revocation of that probation.