PER CURIAM.
We have for review the opinion in State v. Sullivan, 701 So.2d 633 (Fla. 2d DCA 1997), which certified conflict with the opinion in Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996), concerning the issue of whether additional sentencing points for carrying or possessing a firearm during the commission of a crime may be added to a defendant’s sentencing score where the defendant is convicted of carrying a concealed weapon or possession of a firearm by a convicted felon. *521 We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Recently, we resolved this conflict in White v. State, 714 So.2d 440, 23 Fla. L. Weekly S 311 (Fla.1998), wherein we held that it is error for a trial court to assess additional sentencing points for possessing a firearm where the sole underlying crime is carrying a concealed firearm or possession of a firearm by a convicted felon. In other words, rule 3.702(d)(12) of the Florida Rules of Criminal Procedure and section 921.0014, Florida Statutes (1993), do not contemplate the addition of sentencing points for carrying or possessing a firearm where the carrying or possession of a firearm is the essential element of the underlying offense. In so holding, we approved the Fourth District’s opinion in Galloway.
Therefore, in accordance with our decision in White, we quash the decision below. We also decline to address petitioner’s remaining point on review as it is beyond the scope of the conflict issue and has been rendered moot by our disposition of this case.[1]
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN and ANSTEAD, JJ., concur.
WELLS, J., dissents with an opinion.

. Petitioner argues that the district court lacked jurisdiction to hear this case because, although improper, the assessment of additional sentencing points did not create an illegal sentence or render the sentence outside of the sentencing guidelines.