WHATLEY, Judge.
The appellant, Charles Hinkle, challenges his judgments and sentences for possession of cannabis and possession of drug paraphernalia. We find no merit in his contention that the trial court erred in denying his motion to suppress and, thus, affirm his convictions without further comment. We do, however, remand “to clarify whether the guidelines seoresheet referred to by the state and defense counsel at the sentencing hearing was ‘physically present before the judge and the court on the date of sentencing.’” Belew v. State, 616 So.2d 120 (Fla. 2d DCA 1993), and cases cited therein.
Further, the record reveals that though the trial court orally pronounced at sentencing that it was imposing a public defender’s lien against Hinkle, it improperly failed to inform him of his right to contest the amount of the lien. See Fla.R.Crim.P. 3.720(d)(1). See also Bull v. State, 548 So.2d 1103 (Fla.1989); Wilson v. State, 675 So.2d 613 (Fla. 2d DCA 1996), and cases cited therein. On remand, Hinkle will therefore have thirty days from the date of this court’s mandate to file a written objection to the amount assessed for public defender fees. Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992). In the event an objection is filed, the trial court shall strike the current assessment and shall not impose a new one without proper notice and a hearing. Id. Should Hinkle fail to file an objection, the trial court is directed to correct the written judgment to properly reflect the fee lien, which appears to have been omitted therefrom due to a scrivener’s error.
In addition, that portion of special condition A of Hinkle’s probation order, which requires him to pay for the cost of random drug testing, was not orally pronounced at sentencing. That narrow provision is therefore stricken, see Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995), without prejudice to the state to seek reim-position on remand, see Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994).
Finally, we note that the written judgment erroneously indicates the imposition of an additional $150 for the cost of investigation. While the record shows the trial court orally pronounced the imposition of $150 for the standard cost of prosecution — which presumably included an assessment for the cost of investigation per Hin-kle’s plea agreement — it did not announce an additional assessment for investigatory costs. The additional assessment for the cost of investigation, which is reflected on the last page of the written judgment on the line designated “OTHER,” is therefore stricken.
Accordingly, the instant cause is remanded for proceedings consistent with this opinion. Hinkle’s judgments and sentences are otherwise affirmed.
Affirmed in part, stricken in part, and remanded.
SCHOONOVER, A.C.J., and FRANK, J., concur.