JORGENSON, Judge.
The appellants, St. John Medical Plans, Inc., St. John Clinic Medical Center, Inc., and Miguel Angel Cruz-Peraza [the “plaintiffs”], both individually and on behalf of the State of Florida, brought an action against the appellee, Alberto Gutman, a state senator. Pertinent to this appeal, which involves the fourth count of a six-count complaint,[1] is the plaintiffs’ allegation that Gut- *1295 man misused his position as a state senator by receiving an inappropriate $500,000 fee, and in so doing breached the public trust. The trial court dismissed this count with prejudice, finding that the plaintiffs lacked standing to bring the action. We affirm.
Article II, section 8 of the Florida Constitution, known as the “Sunshine Amendment,” serves as the philosophical basis upon which a public official conducts the affairs of his or her office. The plaintiffs assert that they have standing under this section. The relevant portion is: “A public office is a public trust. The people shall have the right to secure and sustain that trust against abuse.” Subsection (c) provides: “Any public officer or employee who breaches the public trust for private gain and any person or entity inducing such breach shall be liable to the state for all financial benefits obtained by such actions. The manner of recovery and additional damages may be provided by law” (Emphasis added.) Interpreting the clear language of subsection (c), we hold that this provision is not self-executing, as it cannot be implemented without some manner of recovery being established through legislative enactment. See State of Florida ex rel. Citizens Proposition for Tax Relief v. Firestone, 386 So.2d 561 (Fla.1980) (finding a constitutional provision to be self-executing where it clearly establishes a right which can be implemented without any legislative enactment); Gray v. Bryant, 125 So.2d 846, 851 (Fla.1960) (noting that the test for determining whether a constitutional provision is self-executing “is whether or not the provision lays down a sufficient rule by means of which the right or purpose which it gives or is intended to accomplish may be determined, enjoyed, or protected without the aid of legislative enactment.”). Additionally, subsection (c) provides that liability is “to the state,” indicating that standing is conferred on the State of Florida, not on -individual citizens.[2] Therefore, the plaintiffs have no standing under the Florida Constitution.[3]
The plaintiffs’ alternative argument is that they have standing under section 112.3175, Florida Statutes (1995). This statute allows a contract executed in violation of the Code of Ethics for Public Officers and Employees to be voidable by a party to the contract or, among others, by “[a]ny citizen materially affected by the contract and residing in the jurisdiction represented by the officer or agency entering into such contract.” “Materially affected,” as defined in the statute, requires some type of special injury. § 112.312(16), Fla. Stat. (1995). The plaintiffs acknowledge that they have no special injury and thus no standing under these statutory provisions.[4] Instead, they urge us to recognize a broad grant of standing under the Sunshine Amendment and to declare unconstitutional this statutory definition of “materially affected.” We decline to do so and again note that there is no constitutional standing here. Cf. School Bd. of Volusia County v. Clayton, 691 So.2d 1066, 1068 (Fla. 1997) (reaffirming “long established precedent” that in order to have standing, a taxpayer must allege either a special injury distinct from other taxpayers or a constitutional violation of the legislature’s taxing and spending powers); North Broward Hosp. Dist. v. Fornes, 476 So.2d 154 (Fla.1985) (noting that the court would “continue to adhere to precedent” and holding “that absent a constitutional challenge, a taxpayer must allege a special injury distinct from other taxpayers in the taxing district to bring suit”).
We certify the following question to the Florida Supreme Court as one of great importance:
*1296 Does article II, section 8(c) of the Florida Constitution, by itself and without any legislative enactment, provide individual citizens of Florida with a cause of action for breach of the public trust for private gain against a public official or employee?
Affirmed; question certified.

. This was the plaintiffs' second amended complaint; a variety of claims against a number of parties, including Gutman, remain pending below. These claims include unconstitutional taking of property, interference with a business relationship, civil conspiracy to tortiously interfere *1295 with an advantageous business relationship, breach of contract, and breach of covenant of good faith.

. We do not reach the issue of whether a corporate entity can be an injured party under this constitutional provision.

. But cf. Clayton v. School Bd. Of Volusia County, 696 So.2d 1215, 1216 n. 2 (Fla. 5th DCA 1997) (noting that while the appellant's complaint may not allege a “constitutional challenge” as contemplated by the Florida Supreme Court, it might at least have a "constitutional connection” with article II, section 8).

.Additionally, Florida statutes do not provide for a qui tam action in situations such as this.