NORTHCUTT, Judge.
In this appeal filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel for Freddy Rojas suggests possible error with respect to the trial court’s acceptance of Rojas’s guilty plea to a violation of probation, the sentence imposed, the imposition of a public defender’s lien, and the failure to file an order of revocation of probation. We affirm the trial court’s acceptance of Rojas’s guilty plea, as well as the sentence.
As the State concedes, the trial court summarily found that Rojas had violated his probation, but it did not orally describe the violation or enter a written order of revocation. Therefore, we remand for. entry of a proper order of revocation setting forth the conditions of probation to which Rojas pleaded guilty. See Hill v. State, 599 So.2d 127 (Fla. 2d DCA 1992).
The State also acknowledges that the trial court failed to inform Rojas of his right to a hearing to contest the amount of the public defender’s lien. We remand to allow him thirty days from the date of this court’s mandate to file a written objection to the amount assessed for public defender fees. See Hinkle v. State, 675 So.2d 621 (Fla. 2d DCA 1996); Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992). In the event an objection is filed, the trial court shall strike the current assessment and shall not impose a new one without proper notice and hearing. 675 So.2d at 622.
Affirmed in part, and remanded.
SCHOONOVER, A.C.J., and QUINCE, J., concur.