PER CURIAM.
Loren Daniels challenges his conviction and sentence for carrying a concealed fire *627 arm. He claims error in the trial court’s denying his motion to suppress, adding eighteen points to his scoresheet for use of a firearm, and imposing a public defender lien. We affirm the conviction without discussion finding that the trial court’s decision was based on a credibility determination. We briefly address his remaining claims finding error in one of them.
Daniels contends that the addition of eighteen points on his scoresheet, pursuant to Florida Rule of Criminal Procedure 3.702(d)(12), was error because his sole conviction is a firearm offense. He relies on Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996). We have previously addressed this claim, holding that these additional points are proper in these circumstances and certifying conflict with Galloway. See White v. State, 689 So.2d 371 (Fla. 2d DCA 1997), review granted, 696 So.2d 343 (Fla. June 12, 1997); see also State v. Davidson, 666 So.2d 941 (Fla. 2d DCA 1995). As in White, we also certify conflict in this case with Galloway.
Daniels’ remaining claim relates to the imposition of a public defender lien. He correctly argues that he was not given notice of his right to a hearing to contest the amount of the public defender lien. See Drinnon v. State, 598 So.2d 229 (Fla. 2d DCA 1992). The State concedes the error. On remand, Daniels shall have thirty days from the date of the mandate to file a written objection to the fee assessed. If an objection is filed, the assessment should be stricken, and a new assessment may be imposed in accordance with Florida Rule of Criminal Procedure 3.720(d)(1). See Hinkle v. State, 675 So.2d 621 (Fla. 2d DCA 1996), Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992).
Accordingly, we affirm Daniels’ conviction and sentence, but remand for him to have an opportunity to file a written objection to the public defender lien.
THREADGILL, A.C.J., and PATTERSON and CASANUEVA, JJ., concur.