PER CURIAM.
We have for review the decision in Daniels v. State, 709 So.2d 626 (Fla. 2d DCA 1998), which certified conflict with the opinion in Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996), concerning the issue of whether additional sentencing points for carrying or possessing a firearm may be assessed to the defendant’s sentencing scoresheet pursuant to Florida Rule of Criminal Procedure 3.702(d)(12) where the defendant’s sole offense is carrying a concealed weapon. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We recently resolved this issue in White v. State, 714 So.2d 440 (Fla.1998), wherein we held that additional sentencing points for possessing or carrying a firearm may not be assessed against a defendant where the sole underlying offense is carrying a concealed weapon or possession of a firearm by a convicted felon. We reasoned that rule 3.702(d)(12) of the Florida Rules of Criminal Procedure and section 921.0014, Florida Statutes (1993), do not contemplate the addition of sentencing points for carrying or possessing a firearm where such act is the essential element of the underlying offense. 714 So.2d at 443. In so holding, we approved the Fourth District’s opinion in Galloway.
Therefore, we quash the decision below in accordance with our opinion in White.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGÁN, ANSTEAD and PARIENTE, JJ., concur.
WELLS, J., dissents.