721 So.2d 717 (1998)
ST. JOHN MEDICAL PLANS, INC., Petitioner,
v.
Alberto GUTMAN, Respondent.
No. 91230.
Supreme Court of Florida.
November 19, 1998.
*718 Karen Gievers, Miami, and James V. Johnstone, Miami, for Petitioners.
Dyanne E. Feinberg of Gilbride, Heller & Brown, P.A., Miami, for Respondent.
HARDING, Chief Justice.
We have for review a decision which certified the following question to be of great public importance:
Does article II, section 8(c) of the Florida Constitution, by itself and without any legislative enactment, provide individual citizens of Florida with a cause of action for breach of the public trust for private gain against a public official or employee?
St. John Medical Plans, Inc. v. Gutman, 696 So.2d 1294, 1296 (Fla. 3d DCA 1997). We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. For the reasons expressed below, we answer the certified question in the negative.
The facts as stated by the Third District Court of Appeal are as follows:
St. John Medical Plans, Inc., St. John Clinic Medical Center, Inc., and Miguel Angel Cruz-Peraza [the "plaintiffs"], both individually and on behalf of the State of Florida, brought an action against the appellee, Alberto Gutman, a state senator. Pertinent to this appeal, which involves the fourth count of a six-count complaint, is the plaintiffs' allegation that Gutman misused his position as a state senator by receiving an inappropriate $500,000 fee, and in so doing breached the public trust. The trial court dismissed this count with prejudice, finding that the plaintiffs lacked standing to bring the action.
Id. at 1294-95 (footnote omitted).
The issue before this Court is whether article II, section 8(c) of the Florida Constitution is self-executing and, if so, whether this provision affords individual citizens a private right of action. Article II, section 8, entitled "Ethics in government," provides in relevant part:
A public office is a public trust. The people shall have the right to secure and sustain that trust against abuse. To assure this right:
....
(c) Any public officer or employee who breaches the public trust for private gain and any person or entity inducing such breach shall be liable to the state for all financial benefits obtained by such actions. The manner of recovery and additional damages may be provided by law.
In holding that article II, section 8(c) was not self-executing, the Third District reasoned:
Article II, section 8 of the Florida Constitution, known as the "Sunshine Amendment," serves as the philosophical basis upon which a public official conducts the affairs of his or her office. The plaintiffs assert that they have standing under this section. The relevant portion is: "A public office is a public trust. The people shall *719 have the right to secure and sustain that trust against abuse." Subsection (c) provides: "Any public officer or employee who breaches the public trust for private gain and any person or entity inducing such breach shall be liable to the state for all financial benefits obtained by such actions. The manner of recovery and additional damages may be provided by law." (Emphasis added.) Interpreting the clear language of subsection (c), we hold that this provision is not self-executing, as it cannot be implemented without some manner of recovery being established through legislative enactment. Additionally, subsection (c) provides that liability is "to the state," indicating that standing is conferred on the State of Florida, not on individual citizens. Therefore, the plaintiffs have no standing under the Florida Constitution.
Id. at 1295 (citations omitted) (footnote omitted). We agree with this analysis. In Gray v. Bryant, 125 So.2d 846, 851 (Fla.1960), this Court enunciated the test for determining whether a constitutional provision is self-executing:
The basic guide, or test, in determining whether a constitutional provision should be construed to be self-executing, or not self-executing, is whether or not the provision lays down a sufficient rule by means of which the right or purpose which it gives or is intended to accomplish may be determined, enjoyed, or protected without the aid of legislative enactment. If the provision lays down a sufficient rule, it speaks for the entire people and is self-executing.
(Citations omitted.) In Williams v. Smith, 360 So.2d 417 (Fla.1978), this Court was asked to determine whether article II, section 8(d) of the Florida Constitution[1] was self-executing. The Court applied the Bryant test and determined that it was not. The Williams court concluded:
The language of subsection 8(d) is plain and unambiguous, unmistakably evincing a need for implementing legislation. Had the framers intended that conviction of a felony involving a breach of public trust would work an automatic forfeiture of retirement and pension benefits, it would not have been difficult for them to express that intent. They would have said the conviction causes the forfeiture, not that the officer shall be "subject to forfeiture...." Moreover, in recognition of the procedural problems, the definition of words used, and the determination of the extent of rights and privileges to be forfeited, they would have included those specifics within the subsection itself, or within a schedule as they did with respect to another subsection of the "Sunshine Amendment". [Note 7: See Art. II, s 8(a), Fla. Const.] They did not follow that course. Instead, they clearly deferred forfeiture to "such manner as may be provided by law", leaving to the Legislature the task of implementing the mandate of the people.
... The provision of the Constitution requires so much in the way of definition, delineation of time and procedural requirements, that the intent of the people cannot be carried out without the aid of legislative enactment.
We, therefore, conclude that in adopting Article II, Section 8(d), the people did not expect the forfeiture of public retirement benefits to be automatic from the date of its adoption, and that the Legislature was expected to enact implementing laws to make it workable, to make it effective, and to carry out the intent expressed in the opening sentences of the "Sunshine Amendment" that:
"A public office is a public trust. The people shall have the right to secure and sustain that trust against abuse...."
360 So.2d at 420-21 (some footnotes omitted). Applying the Bryant test to article II, section 8(c), we reach the same conclusion as the Williams court. The need for implementing legislation is apparent based on the plain language of the provision, which states, "The manner of recovery and additional damages may be provided by law." Further, the section *720 fails to provide necessary definitions nor does it set out any procedural guidelines.
Finally, we agree with the district court below that the language of article II, section 8(c) provides that liability is to the state. Therefore, only the state has standing under article II, section 8(c), not individual citizens.
For all of these reasons, we answer the question in the negative and approve the decision below.
It is so ordered.
OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.
NOTES
[1] Article II, section 8(d) states: "Any public officer or employee who is convicted of a felony involving a breach of public trust shall be subject to forfeiture of rights and privileges under a public retirement system or pension plan in such manner as may be provided by law."