WOLF, J.,
Specially Concurring.
This is a difficult case because it involves a clash of two extremely important precepts: the concept of separation of powers enumerated in article II, section 8 of the Florida Constitution, and the right of the people to have their will concerning the adequacy of the state’s education system, as expressed in an amendment to article IX, section 1 of the constitution, implemented.[6]
As expressed in Judge Roberts’ dissenting opinion, the power to appropriate funds and the power to determine the sufficiency of funding for educational pur *614 poses is in the people’s representative, the legislative branch. The judiciary has been, and should be, reluctant to intrude on this power. See Coalition for Adequacy & Fairness in School Funding, Inc. v. Chiles, 680 So.2d 400, 407 (Fla.1996).
On the other hand, the Florida Constitution is a document of the people. See Art. I, § 3, Fla. Const.; see also Rivera-Cruz v. Gray, 104 So.2d 501, 505-06 (Fla.1958) (Terrell, C.J., concurring specially). The people’s will is expressed through the adoption of constitutional language. The difficult issue is when do the people have a right to enforce their will, as it is expressed in the constitution, through the court system.
The first question that needs to be asked in this inquiry is whether the constitutional provision in question may be interpreted as being self-executing, because a self-executing provision is one that may be enforced without legislative enactment. The test for determining whether a provision is self-executing is whether “the provision lays down a sufficient rule by means of which the right or purpose which it gives or is intended to accomplish may be determined, enjoyed, or protected without the aid of legislative enactment.” Advisory Opinion to the Attorney Gen. re Extending Existing Sales Tax to Non-Taxed Servs. Where Exclusion Fails to Serve a Pub. Purpose, 953 So.2d 471, 484 (Fla.2007).
Clearly, it was the intent of the Constitutional Revision Commission that drafted the 1998 amendment to article IX, section 1 of the Florida Constitution to address the decision in Coalition, 680 So.2d 400, by adding language to further elucidate the public’s desires concerning the public education system. Unfortunately, this language still did not provide measurable goals by which the court could judge legislative performance and enforce the provision in any particular manner. This case is similar to Advisory Opinion to the Governor-1996 Amendment 5 (Everglades), 706 So.2d 278, 279-82 (Fla.1997), where the public expressed its strong desire that polluters be “primarily responsible” for cleaning up the Everglades, yet the court held the amendment was not self-executing. Similarly, the public’s desires here are not sufficiently definite to allow for enforcement without some measurable standards.[7] In addition, the language of article IX, section 1, itself states that the adequate provision of these fundamental values “shall be made by law,” indicating the provision is not self-executing. See St. John Medical Plans, Inc. v. Gutman, 721 So.2d 717, 719 (Fla.1998) (finding the language of the constitutional provision that included the unambiguous phrase “as provided by law” clearly evidenced the provision was not self-executing). This language is at most a directive to the Legislature to act to pursue the fundamental values identified in the proviso rather than a requirement to act in any specific matter.
Even if a constitutional provision is not self executing, it does not necessarily mean the public is totally without a remedy if it feels the legislative branch has ignored its wishes. In Dade County Classroom Teachers Ass’n, Inc. v. Legislature, 269 So.2d 684, 688 (Fla.1972), the Florida Supreme Court denied the petitioners’ writ of mandamus seeking to re *615 quire the Legislature to adopt implementing legislation enforcing the non-self-executing right of public employees to collectively bargain in conformity with article I, section 6 of the Florida Constitution. However, in doing so, the court noted that if the Legislature did not adopt the implementing legislation, the court would “have no choice but to fashion such guidelines by judicial decree in such manner as may seem to the Court best adapted to meet the requirements of the constitution.” Id. The remedy suggested in Dade County, 269 So.2d at 688, is one that should only be utilized to enforce basic fundamental interests enumerated in the constitution and where there has been a clear showing that the Legislature has failed to address the public’s will in a reasonable period of time. Requiring implementing legislation does not specifically intrude on the Legislature’s power of appropriation or on its ability to identify and adopt specific measurable standards to implement the amendment.
In the instant case, the allegations of the complaint, taken as true, indicate a clear failure of the Legislature over a reasonable period of time to assure the fundamental values identified within the amendment were being met. While the remedy suggested by this opinion was not specifically requested by the respondents, they did ask for any other “relief the court deems proper.” In addition, the complaint requested the adoption of a “remedial plan ... which includes necessary studies to determine what resources and standards are necessary to provide a high quality education to Florida students.” A request for implementing legislation is necessarily contained within these requests for relief.[8] Thus, I do not believe the trial court was totally without jurisdiction to address the allegations within the complaint. I, therefore, concur in the decision to deny the writ of prohibition.

. Article XI, section 5 of the Florida Constitution provides that amendments must be approved by the voters.

. Other provisions of the Constitution which have been determined to be self-executing are far more definitive and lay out specific procedures for their enforcement. See, e.g. Notami Hosp. of Fla., Inc. v. Bowen, 927 So.2d 139 (Fla. 1st DCA 2006), aff'd, Fla. Hosp. Waterman, Inc. v. Buster, 984 So.2d 478 (Fla.2008); Art. X, § 27, Fla. Const, (containing specific enforceable standards).

. While the Legislature has passed a number of statutes dealing with education since the passage of the constitutional amendment addressing article IX, section 1, it is unclear that any of these statutes are comprehensive enough to provide sufficient measurable standards to be considered an implementing statute related to article IX, section 1. This is an issue which should be first addressed in the trial court and which is specifically within the province of the court system to determine. See Advisory Opinion to the Governor-1996 Amendment 5 Everglades, 706 So.2d 278 (Fla. 1997).