PER CURIAM.
This is an original petition for a writ of habeas corpus in which the petitioner Keith Maurice Jones urges that his counsel was ineffective in the prior direct appeal to this court in which his convictions and sentences for (1) third-degree murder in the perpetration of or attempt to perpetrate the felony of shooting into an occupied vehicle [§§ 782.04(4), 790.19, Fla.Stat. (1989)] and (2) unlawful possession of a firearm during the commission of a felony, to wit; the third-degree murder stated above [§§ 790.07(2), 782.04(4), 790.19, Fla. Stat. (1989) ] were affirmed. Jones v. State, 578 So.2d 473 (Fla.3d DCA 1991). We deny the petition without prejudice to the petitioner to apply for relief in the trial court on a motion to vacate judgment and sentence under Fla.R.Crim.P. 3.850.
First, we conclude, in accord with the position taken by both parties in this case, that the petitioner’s conviction for third-degree murder was improperly enhanced from a second-degree felony to a first-degree felony under Section 775.-087(1), Florida Statutes (1989) based on the controlling authority of Gonzalez v. State, 585 So.2d 932 (Fla.1991), because the petitioner was convicted of “a felony in which the use of a ... firearm is an essential element,” § 775.087(1), Fla.Stat. (1989), and thus, by statute, was exempt from such enhancement. The petitioner was convicted of third-degree murder in the perpetration of or attempt to perpetrate the felony of shooting into an occupied vehicle — which necessarily involves the use of a firearm as one of its essential elements — and thus such conviction may not be enhanced under Section 775.087(1), Florida Statutes (1989). Gonzalez.
Second, we further conclude, in accord with the position taken by both parties to this ease, that the petitioner’s conviction for unlawful possession of a firearm during the commission of a felony, to wit; the third-degree murder stated above, was barred by double jeopardy principles based on the controlling authority of Cleveland v. State, 587 So.2d 1145 (Fla.1991). This is so because the underlying felony for this firearm possession conviction — third-degree murder while perpetrating or attempting to perpetrate the felony of shooting in an occupied vehicle — has, as one of its essential elements, the use of a firearm. Cleveland.
Finally, we, nonetheless, agree with the state that petitioner’s appellate counsel in the original appeal to this court was not guilty of ineffective assistance of counsel for failing to raise the above two points on appeal. Given the enormous confusion in the law of sentencing on these points at the time of the original appeal, we cannot say that counsel’s failure to anticipate the eventual rulings of the Florida Supreme Court in Gonzalez and Cleveland, *762 [decided subsequent to the original appeal], and to raise these two points constituted an “omission[ ] of such magnitude” that it “deviated from the norm or fell outside the range of professionally acceptable performance.” Johnson v. Wainwright, 463 So.2d 207, 209 (Fla.1985). Petitioner’s remedy for (1) vacating his admittedly improper conviction and sentence for third-degree murder as a first-degree felony [when it should have been a conviction and sentence for third-degree murder as second-degree felony], and (2) vacating his admittedly improper conviction and sentence for unlawful possession of a firearm during the commission of a felony, cannot, therefore, be by way of an original petition for a writ of habeas corpus on the theory that petitioner’s appellate counsel was ineffective, Johnson, but instead must be by way of a' motion to vacate judgment and sentence under Fla.R.Crim.P. 3.850.
Petition denied without prejudice to file a rule 3.850 motion below.