715 So.2d 258 (1998)
Michael ASBELL, Petitioner,
v.
STATE of Florida, Respondent.
No. 91078.
Supreme Court of Florida.
July 16, 1998.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, for Petitioner.
Robert A. Butterworth, Attorney General, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Respondent.
PER CURIAM.
We have for review Asbell v. State, 696 So.2d 857 (Fla. 5th DCA 1997), based on conflict with the opinion in White v. State, 689 So.2d 371 (Fla. 4th DCA 1997), quashed, 714 So.2d 440 (Fla.1998), concerning the issue of whether additional sentencing points for carrying or possessing a firearm during the commission of a crime may be added to a defendant's sentencing score where the defendant is convicted of carrying a concealed weapon or possession of a firearm by a convicted felon. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We resolved this conflict in White v. State, 714 So.2d 440 (Fla.1998), wherein we held that it is error for the trial court to assess additional sentencing points for possessing a firearm where the sole underlying crime is carrying a concealed firearm or possession of a firearm by a convicted felon. In other words, we held that Florida Rule of Criminal Procedure 3.702(d)(12) does not contemplate the addition of sentencing points for carrying or possessing a firearm where the carrying or possession of a firearm is the essential element of the underlying offense. In Asbell, the defendant was convicted of attempted firstdegree murder and possession of a firearm by a convicted felon. The trial court assessed eighteen additional sentencing points for possessing a firearm during the commission of the possession offense. Under rule 3.702(d)(12) of the Florida Rules of Criminal Procedure, additional sentencing points for possession of a firearm may not be assessed against offenses enumerated in section 775.087(2), Florida Statutes (1993). Attempted murder is one of the enumerated offenses in section 775.087(2); therefore, it is not subject to enhancement under rule 3.702. Because attempted murder is not subject to the assessment of additional points for the possession of a firearm, the only remaining offense the trial court could conceivably have considered was petitioner's conviction for possession of a firearm by a convicted felon, which we found impermissible in White.
Therefore, in accordance with our decision in White, we quash the decision below. We also decline to review petitioner's second point on review as it is beyond the scope of the conflict issue.[1]
It is so ordered.
*259 HARDING, C.J., and OVERTON, SHAW, KOGAN and ANSTEAD, JJ., concur.
WELLS, J., dissents with an opinion.
WELLS, Justice, dissenting.
The majority's opinion clearly usurps legislative authority by simply ignoring the plain language of section 921.0014(1), Florida Statutes. It is a serious error for this Court to violate the separation of powers doctrine, as do this decision and the majority's decision in White v. State, 714 So.2d 440 (Fla.1998). Regardless of the rationalization expressed, the majority's decision in sum is that the legislature's mandate for eighteen points for the commission of this felony while possessing a firearm is too harsh, so the majority's substitutes its judgment on the issue for that of the legislature.
I believe that it is wrong for this Court to ignore that the legislature decided to include "any felony other than those enumerated in subsection 775.087(2)." This does not provide a basis for this Court to construe this as "any felony other than those enumerated in subsection 775.087(2)" and those felonies which the Supreme Court decides should be excepted out of the statute.
The cases in the criminal courts and domestic violence courts of this state daily illuminate the human tragedies wrought by the illegal use of firearms. I accept this provision in the sentencing guidelines as part of the legislature's attempt to reduce those tragedies. I applaud this legislative initiative.
Moreover, this decision is contrary to the express language of rule Florida Rule of Criminal Procedure 3.702(a), which states in pertinent part:
This rule is intended to implement the 1994 revised sentencing guidelines in strict accordance with chapter 921, Florida Statutes, as revised by chapter 93-406, Laws of Florida.
I dissent.
NOTES
[1] As his second point on appeal, petitioner argues that the trial court improperly scored his conviction for attempted first-degree murder as a level 10 offense.