727 So.2d 257 (1999)
Anthony SCHMIEL, Petitioner,
v.
STATE of Florida, Respondent.
No. 93,428.
Supreme Court of Florida.
February 11, 1999.
*258 James B. Gibson, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, and Robin A. Compton, Assistant Attorney General, Daytona Beach, Florida, for Respondent.
PER CURIAM.
We have for review the opinion in Schmiel v. State, 710 So.2d 1388 (Fla. 5th DCA 1998), which certified conflict with the opinion in Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We recently approved the decision in Galloway in White v. State, 714 So.2d 440 (Fla.1998), wherein we held that additional sentencing points may not be assessed against a defendant's guideline sentencing score for carrying or possessing a firearm during the commission of a crime if the sole underlying offense for which points may be assessed is carrying a concealed weapon or possession of a firearm by a convicted felon. We reasoned that neither rule 3.702(d)(12)[1] of the Florida Rules of Criminal Procedure nor section 921.0014 of the Florida Statutes (1993), contemplated the assessment of additional sentencing points for carrying or possessing a firearm where the essential element of the underlying offense is carrying or possessing a firearm.
In this case, appellant pled no contest to the offenses of carrying a concealed firearm, resisting an officer without violence, and robbery. As we held in Asbell v. State, 715 So.2d 258 (Fla.1998), rule 3.702 clearly states that additional points may not be assessed against offenses enumerated in section 775.087(2), Florida Statutes (1993). See id. at 258. Because robbery is one of the enumerated offenses in section 775.087(2), additional sentencing points may not be assessed for that offense. See id. As for appellant's conviction for resisting an officer without violence, the language of rule 3.703(d)(19) expressly limits its application to felony offenses.[2] Because resisting an officer *259 without violence is a misdemeanor, see § 843.02, Fla. Stat. (1997), rule 3.703(d)(19) would not apply to such offense.[3] Thus, the only remaining offense is carrying a concealed weapon, which, as we held in White, may not be assessed additional sentencing points since possession of a weapon is an essential element of the offense.
Therefore, we quash the decision below and remand this case for further proceedings in accord with our opinion in White.
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents.
NOTES
[1] Appellant was convicted for a crime which occurred in March, 1996. Because rule 3.703(d)(19) applies to offenses committed on or after October 1, 1995, it rather than rule 3.702(d)(12) applies to the offenses in this case. The language in both rules, however, is substantially the same.
[2] Rule 3.703(d)(19), provides in pertinent part: "Possession of a firearm, semiautomatic firearm, or a machine gun during the commission or attempt to commit a crime will result in additional sentence points. Eighteen sentence points are assessed if the offender is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(2) while having in his or her possession a firearm...." Fla. R.Crim. P. 3.703(d)(19) (emphasis added).
[3] In so holding, we recede from any ambiguous language in Vela v. State, 717 So.2d 519 (Fla. 1998), to the extent it implies that additional sentencing points may be assessed against a defendant convicted of the offense resisting an officer without violence. See supra, note 2.