807 So.2d 708 (2002)
Marvin L. ROBERTSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1366.
District Court of Appeal of Florida, Fourth District.
January 30, 2002.
Marvin L. Robertson, Chattahoochee, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Marrett W. Hanna, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant contends that the trial court erred in assessing eighteen points on his sentencing guidelines scoresheet for use of a firearm or destructive device because he already received a three year minimum mandatory sentence pursuant to section 775.087(2), Florida Statutes (1995), for use of a firearm. The primary offense on the scoresheet was an aggravated battery conviction in case no. 96-148. Additional offenses on the scoresheet included aggravated battery charged in case no. 96-133, and shooting a deadly missile and possession of a firearm by a convicted felon charged in case no. 96-148.
Imposition of eighteen sentencing points is authorized when a defendant possesses a firearm during the commission of a felony where the crime is neither one that is enumerated in section 775.087(2), *709 nor one where possession of a firearm is an essential element. See Schmiel v. State, 727 So.2d 257, 258-59 (Fla.1999); Cleveland v. State, 717 So.2d 188, 188 (Fla. 5th DCA 1998). The crime of shooting a deadly missile is not enumerated in section 775.087(2), see Samuels v. State, 681 So.2d 915, 915-16 (Fla. 4th DCA 1996), nor is possession of a firearm an essential element of the crime. See Bradford v. State, 722 So.2d 858, 860 (Fla. 1st DCA 1998). Therefore, there was no error in including the eighteen points on the scoresheet.
Affirmed.
FARMER, J., and ROBY, WILLIAM L., Associate Judge, concur.