KLEIN, J.
Appellant was convicted of shooting a deadly missile and aggravated battery with a deadly weapon. We affirm on all issues except the firearm enhancement of his sentence for shooting a deadly missile. Although some cases hold to the contrary, we conclude that the use of the firearm was an essential element of the crime.
As a result of appellant’s shooting several times into a house, he was found guilty of shooting a deadly missile. Because the jury found that he discharged a firearm, *1038 the trial court enhanced the offense. He argues that the enhancement amounts to an illegal sentence because the firearm enhancement statute, section 775.087(1), Florida Statutes (2001), does not apply to felonies in which the use of a “weapon or firearm” is an essential element.
The conviction for shooting a deadly missile is based on section 790.19, Florida Statutes (2001), which provides in pertinent part:
Whoever, wantonly or maliciously, shoots at, within, or into, or throws any missile or hurls or projects a stone or other hard substance which would produce death or great bodily harm, at, within, or in any public or private building, occupied or unoccupied ... shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Our weapon or firearm enhancement statute, section 775.087(1), Florida Statutes (2001), provides for enhancement to a higher degree of felony except for “a felony in which the use of a weapon or firearm is an essential element.” Florida Standard Jury Instructions in Criminal Cases section 3.3(b) expressly defines “weapon,” for purposes of applying section 775.087(1), the weapon enhancement statute, as follows:
A “weapon” is legally defined to mean any object that could be used to cause death or inflict serious bodily harm.
The instruction was adopted in 1981, and in State v. Burris, 875 So.2d 408 (Fla.2004), our supreme court held that the instruction is the definition of weapon as used in section 775.087. Accordingly, the crime of which appellant was convicted has, as an essential element, the use of a weapon.
The state relies on our decision in Robertson v. State, 807 So.2d 708 (Fla. 4th DCA 2002), in which the issue was whether additional sentencing points are authorized when the defendant uses a firearm and is convicted of shooting a deadly missile. We held that it was permissible to impose the additional sentencing points because possession of a firearm was not an essential element of the crime. We relied on Bradford v. State, 722 So.2d 858 (Fla. 1st DCA 1998), which came to the same conclusion for sentencing points. Before Bradford, the first district held in Horn v. State, 677 So.2d 320 (Fla. 1st DCA 1996), that the use of a firearm wás a necessary element of shooting at an occupied vehicle in violation of section 790.19, Florida Statutes (1993). The third district has also held that the use of a firearm is a necessary element of shooting into an occupied vehicle. Jones v. Singletary, 621 So.2d 760 (Fla. 3d DCA 1993).
We do not deem it necessary, at the present time, to determine if there is an inconsistency between Robertson, which involved sentencing points, and the present case, which involves the enhancing of the felony to a higher degree, because the analysis involves different statutes. Although it is arguable, from White v. State, 714 So.2d 440 (Fla.1998), that the analysis should be the same, we have concluded that the sentencing points issue should await a case involving that precise question.
We accordingly remand for resentencing on the conviction of shooting a deadly missile. We have considered the other issues and find them to be without merit.

Reversed.

STONE, J., concurs.