WHATLEY, Judge.
 

 Julius Nixon appeals his convictions and sentences for six counts of sexual battery with a firearm, armed burglary of a conveyance, robbery with a firearm, and two counts of armed kidnapping. We find merit in two of the four issues he raises.
 

 Contrary to Nixon’s argument under issue two, his conviction of count eleven does not violate his double jeopardy rights because count eleven alleged an offense separate and distinct from the offense alleged in count nine. However, we must reverse Nixon’s conviction of count eleven because it is not supported by the evidence. While Nixon’s motion for judgment of acquittal did not raise this issue, it is fundamental error for a defendant to be convicted of an offense that did not take place.
 
 See Harris v. State,
 
 647 So.2d 206, 208 (Fla. 1st DCA 1994) (“Conviction of a crime which did not take place is a fundamental error, which the appellate court should correct even when no timely objection or motion for acquittal was made below.”).
 

 Under issue four, Nixon argues that several of his written sentences do not comport with the trial court’s oral pronouncement of those sentences. This issue appears to have merit. However, Nixon failed to preserve this issue below, and we therefore do not have jurisdiction to address it. Accordingly, we affirm his sentences without prejudice to his right to file a motion to correct illegal sentence pursuant to either Florida Rule of Criminal Procedure 8.800(a) or the trial court’s right to correct the sentences on its own motion.
 

 We reverse Nixon’s conviction of count 11 and remand for resentencing; we affirm his remaining convictions and sentences.
 

 Reversed in part, affirmed in part, and remanded for resentencing.
 

 ALTENBERND and LaROSE, JJ„ Concur.