IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RUBEN BOLIVAR CASAIS,

     Appellant,

 v.                                  Case No.  5D16-1072

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed November 18, 2016

Appeal from the Circuit Court
for Osceola County,
A. James Craner, Judge.

James S. Purdy, Public Defender, and
George D. E. Burden, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kristen L. Davenport,
Assistant Attorney General, Daytona
Beach, for Appellee.


EDWARDS, J.

     Ruben Casais appeals from his conviction for uttering a forged credit card in

violation of section 817.60, Florida Statutes (2015).  Appellant used altered gift cards to

purchase cigarettes and other items at a Publix grocery store.  When the police confronted

Appellant they discovered he had several altered gift cards in his possession.  Because

the statute under which he was convicted specifically defines "credit cards" in a way that does not include the "gift cards" used or possessed by Appellant, his conviction must be overturned.

Appellant argues that the trial court erred in denying his motion for judgment of acquittal because, although the State presented evidence that Appellant used altered *gift cards*, the State did not prove that Appellant used an altered *credit card*. Appellant contends that the gift cards he used were not credit cards under the statutory definition of credit card. The relevant statute defines credit card as:

> "Credit card" means any instrument or device, whether known as a credit card, credit plate, bank service card, banking card, check guarantee card, electronic benefits transfer (EBT) card, or debit card or by any other name, issued with or without fee by an issuer *for the use of the cardholder* in obtaining money, goods, services, or anything else of value on credit or for use in an automated banking device to obtain any of the services offered through the device.

§ 817.58(4), Fla. Stat. (2015) (emphasis added). The section defines "cardholder" as "the person or organization named on the face of a credit card to whom or for whose benefit the credit card is issued by an issuer." § 817.58(2), Fla. Stat. (2015). Appellant argues that because the face of the gift cards he used and possessed did not have the name of a person or organization to whom they were issued, as a matter of law, there was no "cardholder," meaning the gift cards were not "credit cards."

The State argues that Appellant waived this argument when trial counsel agreed with the trial court's statement that if somebody possessed the gift card, he or she would be the holder of that card, or put another way, the "cardholder." Indeed, thereafter, Appellant's counsel continued to argue that the gift card was not a credit card, but no

2

longer argued about the absence of a cardholder's name on the face of the card. Instead, defense counsel focused on the fact that gift cards could not be used for credit or automated banking, other components of the same relevant statutory definition.

While Appellant asserts there was no waiver of the issue, he also argues on appeal that the court could also consider the issue under the doctrine of fundamental error. If, as a matter of law on the undisputed facts, a "gift card" is not a "credit card" under the applicable statute, a guilty verdict cannot be sustained because the Appellant did not commit the crime of uttering a forged credit card. *See Nixon v. State*, 10 So. 3d 212, 213 (Fla. 2d DCA 2009) ("[I]t is fundamental error for a defendant to be convicted of an offense that did not take place." (citing *Harris v. State*, 647 So. 2d 206, 208 (Fla. 1st DCA 1994))); *Griffin v. State*, 705 So. 2d 572, 574 (Fla. 4th DCA 1998) ("A conviction is fundamentally erroneous when the facts affirmatively proven by the State simply do not constitute the charged offense as a matter of law." (citing *Nelson v. State*, 543 So. 2d 1308, 1309 (Fla. 2d DCA 1989))). We will review the issue of whether the gift cards constituted credit cards as defined by the relevant statute because defense counsel made that basic argument throughout the trial, thereby preserving it. As to the specific "cardholder" issue, if that was waived, it is subject to review as fundamental error for the reasons set forth below.

When interpreting statutes, Florida courts cannot "diverge from the intent of the Legislature as expressed in the plain language of the statute." *Jefferson v. State*, 927 So. 2d 1037, 1039 (Fla. 4th DCA 2006) (Reyes, J., concurring) (citing *Palm Beach Cty. Canvassing Bd. v. Harris*, 772 So. 2d 1220 (Fla. 2000)); *see also State v. Burris*, 875 So. 2d 408, 410 (Fla. 2004) ("When a statute is clear, courts will not look behind the statute's

plain language for legislative intent or resort to rules of statutory construction to ascertain intent." (citing *Lee Cty. Elec. Coop., Inc. v. Jacobs*, 820 So. 2d 297, 303 (Fla. 2002))). Likewise, "[a] court cannot construe an unambiguous statute in a way which would extend, modify, or limit its express terms or its reasonable and obvious implications." *Jefferson*, 927 So. 2d at 1039 (Reyes, J., concurring).

In the present case, the statute defining credit card has a clear, plain meaning. The statute clearly defines a credit card as "any instrument . . . issued . . . for the use of the cardholder." § 817.58(4), Fla. Stat. (2015). The statute also clearly defines cardholder as "the person or organization *named on the face of a credit card* to whom or for whose benefit the credit card is issued by an issuer." § 817.58(2), Fla. Stat. (2015) (emphasis added). The same statute includes as part of its definition that a "credit card" can be used to obtain goods on credit, and can include a debit or bank card that could be used in an automated banking device, such as an ATM. Because the statute is clear on its face, the court must use the statute's plain meaning when analyzing whether the subject gift cards are credit cards under this statute.[1]

The gift cards Appellant used or possessed resembled credit cards in certain ways: the gift cards bore logos, such as VISA, Master Card, or American Express, had embossed numbers on the front, and magnetic strips on the back. However, the State did not prove that the gift cards had a cardholder "named on the face" of the card. The

---

[1] While we need not look to other statutes to decide this case, it is noteworthy that the Legislature is aware of the existence and nature of gift cards as it chose to include "gift card" as one of several statutory synonyms for the term "gift certificate" in section 501.95, Florida Statutes (2015). The terms "gift card" is used in five other statutes, but never as a synonym for "credit card." *See* §§ 546.10, 626.9541, 634.401, 634.414, 641.3903, Fla. Stat. (2015).

4

faces of these gift cards contained words such as "A Gift For You," where the name of a cardholder would be on a credit card. The evidence on this point was undisputed as Appellant stated three times in his testimony that there were no names on any of the cards without contradiction from witnesses or the actual gift cards. Nor was there any evidence presented that the gift cards could be used to obtain goods on credit or that they could be used in an ATM.

Under the plain meaning of the statute defining credit card, the State did not prove that the gift cards were credit cards. Therefore, Appellant could not be found guilty of uttering a forged credit card, and the trial court should have granted Appellant's motions for judgment of acquittal. *See Hamilton v. State*, 71 So. 3d 247, 247-48 (Fla. 4th DCA 2011) (determining that fundamental error occurred because the trial court convicted the defendant for robbery with a weapon when "the state presented evidence that the gun used in the robbery was not a firearm, but a toy gun"); Stanley *v. State*, 757 So. 2d 1275, 1275 (Fla. 4th DCA 2000) (reversing the trial court's denial of defendant's motion for judgment of acquittal in a robbery with a weapon charge because the state failed to prove the "weapon" defendant used fell under the statutory definition of weapon); *Charley v. State*, 590 So. 2d 5, 6 (Fla. 1st DCA 1991) (finding that the trial court erred in denying a motion for judgment of acquittal for a charge of carrying a concealed firearm because "the state failed to provide competent, substantial evidence that the starter pistol found in appellant's pocket was a 'firearm' as defined in [the Florida Statutes]"); *Ridley v. State*, 441 So. 2d 188, 188 (Fla. 5th DCA 1983) (holding that use of a starter pistol that was incapable of firing a projectile and that was not readily convertible for such purpose would

not support conviction of first-degree felony crime of robbery because no firearm was utilized).

As Appellant's trial counsel argued to the jury, the question was not whether Appellant did something wrong or committed some other crime by using the altered gift cards. The only question for the jury, and now for this court, is whether Appellant was guilty of uttering a forged credit card in violation of section 817.60. Given the undisputed evidence and the clear statutory definition of credit card, we find that as a matter of law, Appellant did not commit the only crime with which he was charged. Accordingly, we reverse and remand for the trial court to enter a judgment of acquittal.

REVERSED AND REMANDED.

SAWAYA and BERGER, JJ., concur.