# Supreme Court of Florida

_____

No. SC19-549
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2019-04.**

December 19, 2019

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize new and amended standard

instructions. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Committee proposes amending standard criminal jury instructions

10.7(a) (Throwing, Making, Placing, Projecting, or Discharging Destructive

Device), 10.7(b) (Throwing, Making, Placing, Projecting, or Discharging

Destructive Device), 10.7(c) (Throwing, Making, Placing, Projecting, or

Discharging Destructive Device), and 10.13 (Shooting or Throwing [A Missile]

[Stone] [Hard Substance] [At] [Within] [Into] [In] a[n] [Building] [Vehicle]

[Vessel] [Aircraft]). All of the proposals were published in *The Florida Bar News*.

No comments were received by the Committee. After the Committee filed its report, the Court did not publish the proposals for comment.

Having considered the Committee's report, we authorize for publication and use standard jury instructions 10.7(a), 10.7(b), 10.7(c), and 10.13. We discuss the more significant amendments below.

First, the definition of "willfully" is added in instructions 10.7(a), 10.7(b), and 10.7(c) to define the term as "intentionally, knowingly, and purposely," which tracks other standard jury instructions defining the term. *See, e.g.*, Fla. Std. Jury Instr. (Crim.) 10.7(d) (Possessing, Throwing, Making, Placing, Projecting, or Discharging a Destructive Device Resulting in Death).

Next, the titles of instructions 10.7(a), 10.7(b), and 10.7(c) are amended to include "possessing" to track section 790.161, Florida Statutes (2018), and the concept of "possession," as authorized in *In re Standard Jury Instructions in Criminal Cases—Report 2017-03*, 238 So. 3d 182 (Fla. 2018), is also added to instructions 10.7(a), 10.7(b), and 10.7(c).

In instruction 10.7(b), "person" is added in element 2a and "another person" is substituted for "(victim)" in element 2b to track the applicable statutory provisions. *See* § 790.161(2), Fla. Stat. (2018).

Instruction 10.7(c) is amended to add "(Defendant)" to element one and "person" to element two to better tie the elements together and track the language of section 790.161(3), Florida Statutes (2018).

Finally, instruction 10.13 is amended to include "shot a firearm that would produce death or great bodily harm" as an optional element based upon case law interpreting section 790.19, Florida Statutes (2018). *See Valdes v. State*, 3 So. 3d 1067 (Fla. 2009); *Jefferson v. State*, 927 So. 2d 1037 (Fla. 4th DCA 2006); *Horn v. State*, 677 So. 2d 320 (Fla. 1st DCA 1996), *Jones v. Singletary*, 621 So. 2d 760 (Fla. 3d DCA 1993). A comment is added by the Committee that addresses the use of a firearm as an element of the offense as it relates to section 775.087(1) and (2), Florida Statutes (2018), which deal with reclassification and sentencing guidelines. Instruction 10.13 also is amended to include definitions of "firearm" and "great bodily harm" as authorized in *In re Standard Jury Instructions in Criminal Cases - Report 2018-14*, 267 So. 3d 980 (Fla. 2019).

The amended criminal jury instructions, as set forth in the appendix to this opinion, are hereby authorized for publication and use.[1] New language is indicated

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org/jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be

by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

resolved by reference to the published opinion of this Court authorizing the instruction.

## 10.7(a) <u>POSSESSING, THROWING, MAKING, PLACING, PROJECTING, OR DISCHARGING <u>A</u> DESTRUCTIVE DEVICE</u>
§ 790.161(1), Fla._Stat.

**To prove the crime of** (crime charged)**, the State must prove the following element beyond a reasonable doubt:**

(Defendant) **willfully and unlawfully**

> **[made]**
> **[possessed]**
> **[threw]**
> **[placed]**
> **[projected]**
> **[discharged]**
> **[attempted to [make] [possess] [throw] [place] [project] [discharge]]**

**a destructive device.**

*Definition*
**A "destructive device"** is defined as (adapt from § 790.001(4), Fla._Stat., as required by the allegations)**.**

**"Willfully" means intentionally, knowingly, and purposely.**

*Possession. Give if applicable.*
**To prove** (defendant) **"possessed a destructive device," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the destructive device, and b) intentionally exercised control over that destructive device.**

*Give if applicable.*
**Control can be exercised over a destructive device whether the destructive device is carried on a person, near a person, or in a completely separate location. Mere proximity to a destructive device does not establish that the person intentionally exercised control over the destructive device in the absence of additional evidence. Control can be established by proof that**

(defendant) **had direct personal power to control the destructive device or the present ability to direct its control by another.**

> *Joint possession. Give if applicable.*
> **Possession of a destructive device may be sole or joint, that is, two or more persons may possess a destructive device.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 1981 and was amended in 1989, ~~and~~ 1992, and 2019.

## 10.7(b) POSSESSING, THROWING, MAKING, PLACING, PROJECTING, OR DISCHARGING A DESTRUCTIVE DEVICE [WITH INTENT TO DO [BODILY HARM] [PROPERTY DAMAGE]] [RESULTING IN DISRUPTION OF [GOVERNMENTAL OPERATIONS] [COMMERCE] [THE PRIVATE AFFAIRS OF ANOTHER PERSON]]
§ 790.161(2), Fla. Stat.

**To prove the crime of** (crime charged)**, the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant) **willfully and unlawfully**

> **[made]**
> **[possessed]**
> **[threw]**
> **[placed]**
> **[projected]**
> **[discharged]**
> **[attempted to [make] [possess] [throw] [place] [project] [discharge]]**

**a destructive device.**

*Give those parts of ~~paragraph~~element 2 as applicable.*

2.  a.  ~~The~~(Defendant's) **act was committed with the intent to**

  **[do bodily harm to another person].**
  **[do property damage].**

  b.  ~~The~~(Defendant's) **act resulted in**

  **[a disruption of governmental operations].**
  **[a disruption of commerce].**
  **[a disruption of the private affairs of ~~(victim)~~another person].**

*Definition*
**A "destructive device"** **is defined as** (adapt from § 790.001(4), Fla. Stat., as required by the allegations)**.**

**"Willfully" means intentionally, knowingly, and purposely.**

*Possession. Give if applicable.*
**To prove** (defendant) **"possessed a destructive device," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the destructive device, and b) intentionally exercised control over that destructive device.**

*Give if applicable.*
**Control can be exercised over a destructive device whether the destructive device is carried on a person, near a person, or in a completely separate location. Mere proximity to a destructive device does not establish that the person intentionally exercised control over the destructive device in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the destructive device or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*
**Possession of a destructive device may be sole or joint, that is, two or more persons may possess a destructive device.**

| POSSESSING, THROWING, MAKING, PLACING, PROJECTING, OR DISCHARGING DESTRUCTIVE DEVICE, ETC. — 790.161(2) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Possessing, throwing, making placing, projecting, or discharging destructive device | | 790.161(1) | 10.7(a) |
| | Aggravated assault | 784.021 | 8.2 |
| | Assault | 784.011 | 8.1 |

## Comment

This instruction was adopted in 1992 and amended in 2019.

## 10.7(c) POSSESSING, THROWING, MAKING, PLACING, PROJECTING, OR DISCHARGING A DESTRUCTIVE DEVICE RESULTING IN [BODILY HARM TO ANOTHER PERSON] [PROPERTY DAMAGE]
§ 790.161(3), Fla._Stat.

**To prove the crime of** (crime charged)**, the State must prove the following two elements beyond a reasonable doubt:**

1.	(Defendant) **willfully and unlawfully**

> **[made]**
> **[possessed]**
> **[threw]**
> **[placed]**
> **[projected]**
> **[discharged]**
> **[attempted to [make] [possess] [throw] [place] [project] [discharge]]**

**a destructive device.**

2.    ~~The~~(Defendant's) **act resulted in**

[**bodily harm to another person**].
[**property damage**].

*Definition*
A "**~~"~~destructive device~~"~~**" **is defined as** (adapt from § 790.001(4), Fla. Stat., as required by the allegations)**.**

**"Willfully" means intentionally, knowingly, and purposely.**

*Possession. Give if applicable.*
**To prove** (defendant) **"possessed a destructive device," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the destructive device, and b) intentionally exercised control over that destructive device.**

*Give if applicable.*
**Control can be exercised over a destructive device whether the destructive device is carried on a person, near a person, or in a completely separate location. Mere proximity to a destructive device does not establish that the person intentionally exercised control over the destructive device in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the destructive device or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*
**Possession of a destructive device may be sole or joint, that is, two or more persons may possess a destructive device.**

**Lesser Included Offenses**

| POSSESSING, THROWING, MAKING, PLACING, PROJECTING, OR DISCHARGING DESTRUCTIVE DEVICE RESULTING IN [BODILY HARM TO ANOTHER PERSON] [PROPERTY DAMAGE]— 790.161(3) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Possessing, throwing, making, placing, projecting, or discharging destructive device | | 790.161(1) | 10.7(a) |
| | Possessing, throwing, making, placing, projecting, or discharging destructive device, etc. | 790.161(2) | 10.7(b) |
| | Aggravated assault | 784.021 | 8.2 |
| | Assault | 784.011 | 8.1 |

**Comment**

This instruction was adopted in 1992 and amended in 2019.

**10.13  SHOOTING OR THROWING A [MISSILE] [STONE] [HARD SUBSTANCE] [AT] [WITHIN] [INTO] [IN] A[N] [BUILDING] [VEHICLE] [VESSEL] [AIRCRAFT]**
§ 790.19, Fla. Stat.

**To prove the crime of** (crime charged)**, the State must prove the following three elements beyond a reasonable doubt:**

*Give* 1a and/or 1b*1a–1c as applicable.*
**1.** (Defendant)

> **a. [shot] [or] [threw] a missile that would produce death or great bodily harm.**

> b. hurled or projected a stone or other hard substance that would produce death or great bodily harm.
>
> **\*c. shot a firearm that would produce death or great bodily harm.**

*Give 2a–2f as applicable.*
2.   [He] [She] did so [at] [within] [into] [in]

> a. a public or private building, occupied or unoccupied.
>
> b. a public or private bus, that was being used or occupied by any person.
>
> c. a train, locomotive, railway car, caboose, cable railway car, street railway car, or monorail car that was being used or occupied by any person.
>
> d. a vehicle of any kind that was being used or occupied by any person.
>
> e. a boat, vessel, ship, or barge lying in or plying the waters of this state.
>
> f. an aircraft flying through the air space of this state.

3.   The defendant's act was done wantonly or maliciously.

*State v. Kettell, 980 So. 2d 1061 (Fla. 2008).*
**"Wantonly"** means consciously and intentionally, with reckless indifference to consequences and with the knowledge that damage is likely to be done to some person.

*State v. Kettell, 980 So. 2d 1061 (Fla. 2008).*
**"Maliciously"** means wrongfully, intentionally, without legal justification or excuse, and with the knowledge that injury or damage will or may be caused to another person or the property of another person.

*Give if applicable. § 790.001(6), Fla. Stat.*
**A "firearm" means any weapon [including a starter gun] which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; [the frame or receiver of any such weapon;] [any firearm muffler or firearm silencer;] [any destructive device;] [any machine gun]. [The term "firearm" does not include an antique firearm unless the antique firearm is used in the commission of another crime. An "antique firearm" is** *(insert definition in 790.001(1), Fla. Stat.)***]**

*Wheeler v. State, 203 So. 3d 1007 (Fla. 4th DCA 2016).*
**"Great bodily harm" means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises.**

*Give if applicable. Polite v. State, 454 So. 2d 769 (Fla. 1st DCA 1984).*
**It is not necessary for the State to prove a defendant acted with malevolence toward a vehicle or structure itself if the State proved [he] [she] acted with a wanton or malicious attitude directed toward an individual within or near the vehicle or structure.**

## Lesser Included Offenses

| SHOOTING OR THROWING A [MISSILE] [STONE] [HARD SUBSTANCE[[AT] [WITHIN] [INTO] [IN] A[N] [BUILDING] [VEHICLE] [VESSEL] [AIRCRAFT] — 790.19 | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |
| | Criminal Mischief | 806.13 | 12.4 |
| | Discharging firearm in public | 790.15 | 10.6 |

## Comments

*According to the Fourth District Court of Appeal, § 790.19, Fla. Stat., cannot be reclassified pursuant to § 775.087(1), Fla. Stat., because the use of a weapon or a firearm is an essential element of the crime. *Jefferson v. State*, 927 So. 2d 1037 (Fla. 4th DCA 2006). However, in *Robertson v. State*, 807 So. 2d 708 (Fla. 4th DCA 2002), the Fourth District also held it was proper to add 18 firearm points on the scoresheet because possession of a firearm is not an essential element of the crime. The First District Court of Appeal held in *Horn v. State*, 677 So. 2d

320 (Fla. 1st DCA 1996), that the use of a firearm was a necessary element of shooting at an occupied vehicle in violation of § 790.19, Fla. Stat. The Third District Court of Appeal has also held that the use of a firearm is a necessary element of shooting into an occupied vehicle. *Jones v. Singletary*, 621 So. 2d 760 (Fla. 3d DCA 1993).

Trial judges should therefore consider whether to instruct on element #1c based on the charging document and the evidence.

This instruction was adopted in 1981 and amended in 2018 [253 So. 3d 1024] and 2019.